T & S LUMBER COMPANY, APPELLEE,
*v.* ALTA CONSTRUCTION COMPANY,
INC., APPELLANT.

(No. 47888—Decided
December 24, 1984.)

*Dale S. Economus,* for appellee.
*Timothy J. Taber,* for appellant.

RUSSO, J. Alta Construction Company, Inc., the defendant below, appeals summary judgment granted in favor of the plaintiff, T & S Lumber Company.

T & S Lumber filed its complaint in the Bedford Municipal Court against Alta Construction on July 25, 1983. Service of the complaint was made on July 27 by certified mail. The complaint asserted a claim in the amount of $848 for building materials supplied to the defendant.

Alta Construction filed its answer on August 25, 1983.[1] It made a general denial to the plaintiff's claim for $848.

Plaintiff then prepared a request for admissions under Civ. R. 36. Item "G" of the request asked the admission that "defendant, Alta Construction Co., Inc. is liable to plaintiff, T & S Lumber Co., in the amount of Eight Hundred Forty-Eight Dollars ($848.00)."

This request for admissions was sent by regular mail to the defendant on September 8, and was filed with the court on September 12. The defendant did not respond to the request.[2]

This lapse prompted plaintiff to file its Civ. R. 56 motion for summary judgment on October 17, 1983. Defendant followed with a "Memorandum Contra Plaintiff's Motion for Summary Judgment; Motion to Strike Plaintiff's Request for Admissions," on October 27, 1983.[3]

A hearing was held November 7, and the trial court entered summary judgment for plaintiff, in the amount of $848 on November 15, 1983.

---

[1] On the same day, the plaintiff filed a motion for default judgment, citing Alta's failure to plead or otherwise defend. This motion was denied.

[2] The defendant in its brief said it failed to respond "inadvertently."

[3] In the memorandum, defendant argued that, having denied its liability for the $848 in its answer, the question of liability "should not now be given new life simply because defendant has failed to repeatedly deny. It would be procedurally illogical to hold that the defendant * * * should have to repeatedly deny redundant requests."

Defendant assigns one error on appeal:

"The lower court erred in granting summary judgment in favor of plaintiff, the appellee herein, against the defendant, the appellant herein, in the amount of $848 and costs."

Simply stated, the issue as argued by defendant is whether an admission by default, as it arises under Civ. R. 36(A),[4] is a "written admission" competent to support a motion for summary judgment under Civ. R. 56(C).[5]

Defendant cites *Carroll* v. *Lucas* (1974), 39 Ohio Misc. 5, 6 [67 O.O.2d 104], a decision of the Court of Common Pleas of Hamilton County, which holds that a default admission is not competent to support a motion for summary judgment.

This strictly literal construction seems, on the surface, correct. A study of the Civil Rules themselves, however, compels a different construction.

The admission by default which arises under Civ. R. 36(A) works the same effect under Civ. R. 36(B) as an express admission: the matter admitted is conclusively established for the purpose of the pending action.[6]

Civ. R. 36 is an important issue-limiting device in the discovery scheme of the Civil Rules. Yet Civ. R. 56(C) seems by its language to restrict a party to the use of express admissions alone, thereby vitiating the usefulness of Civ. R. 36.

The answer to this paradox is that the language is not as restrictive as it appears on the surface. The development of Civ. R. 56(C) demonstrates that a broader construction was intended.[7]

The precursor of Civ. R. 56 was R.C. 2311.041(B), which was amended[8] in 1965 to read:

"* * * Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, *written admissions of the genuineness of papers or documents,* affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if

---

[4] Civ. R. 36(A), in pertinent part, reads:

"Each matter of which an admission is requested shall be separately set forth. The matter is admitted unless, within a period designated in the request, not less than twenty-eight days after service thereof or within such shorter or longer time as the court may allow, the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter, signed by the party or by his attorney. If objection is made, the reasons therefor shall be stated. * * *"

[5] Civ. R. 56(C) sets out the forms of evidence that may be used to support a motion for summary judgment in the following relevant part:

"* * * Summary judgment shall be rendered forthwith if the pleading, depositions, answers to interrogatories, *written admissions,* affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No

evidence or stipulation may be considered except as stated in this rule. * * *" (Emphasis added.)

[6] A third type of admission is provided for under Civ. R. 36(A), that which is ordered by the court, upon motion of a party, when the court finds that an answer does not comply with the rule.

[7] This subject has been thoroughly and authoritatively canvassed by Professor J. Patrick Browne in *Contra Carroll*: A Commentary on *Carroll* v. *Lucas* and the Use of Rule 36 Admissions in Summary Judgment Procedures (1975), 2 Ohio Northern Univ. L. Rev. 704.

[8] R.C. 2311.041(B) as enacted in 1959 read (see 128 Ohio Laws 63) in part:

"* * * Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, *admissions of the genuineness of papers or documents,* * * *." (Emphasis added.)

Under this version, oral evidence might be introduced at the hearing on the motion for summary judgment.

any, previously filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this section. * * *" (Emphasis added.) (See 131 Ohio Laws 648.)

After this amendment, summary judgment proceedings were exclusively "paper proceedings." No oral evidence could be used to support or oppose a motion for summary judgment. The court was limited to the consideration of matters evidenced by a writing. *Morris* v. *First Natl. Bank & Trust Co.* (1968), 15 Ohio St. 2d 184 [44 O.O.2d 153], explicates this change in the rule:

"In its amended form, Section 2311.041, Revised Code, allows the trial judge, upon motion for summary judgment to consider *only* the following evidence and stipulations:

"1. pleadings

"2. depositions

"3. answers to interrogatories

"4. written admissions of the genuineness of papers or documents

"5. affidavits

"6. transcripts of evidence in the pending case

"7. written stipulations of fact

"Not only does Section 2311.041, Revised Code, as amended, enumerate the items which must be in writing, but it provides further that they be filed previous to the hearing on the motion. Thus, the amendment has wrought a substantial change in the kind of proceeding originally provided for by the statute.

"* * *

"Most of the seven items enumerated are, by their nature, written, and the amended statute adds the word 'written' to the other items so that there can be no oral testimony.

"This is emphasized further by the provision of the statute that 'a summary judgment shall not be rendered unless it

appears' from the enumerated items '*previously filed in the action, and only therefrom,* that reasonable minds can come to but one conclusion * * *.' " *Id.* at 185-187. (Emphasis *sic.*)

Plainly, the amendment was intended to preclude oral testimony, and further, to ensure that other evidence be found within papers on file with the court. The word "written" was added to effect this intention. This did not mean, however, that the admission itself need be in writing. An admission could be evidenced by a writing in any and "all the papers on file previous to the hearing." *Id.* at 188.

R.C. 2311.041 was superseded by Civ. R. 56, which became effective July 1, 1970. The phrase, "written admissions of the genuineness of papers or documents," was changed to, simply, "written admissions." The Ohio Rules Advisory Committee in 1970 issued a revealing Staff Note on new Civ. R. 56(C), noting that it "* * * is based upon § 2311.041(C) [*sic*; it should read R.C. 2311.041(B)]. Thus Rule 56 follows the established Ohio law as to what the court may consider upon summary judgment and the tests that the court must use in considering the documents and only the documents specified in the rule." This indicates an intention to keep the rule within the "paper proceedings" limitation of pre-rule practice, while at the same time retaining the breadth of R.C. 2311.041(B).

The change in language was further compelled by the adoption of Civ. R. 36, which superseded R.C. 2317.31. Civ. R. 36 is not limited to admissions with respect to the genuineness of papers or documents, and the limitation was accordingly removed from Civ. R. 56.

Civ. R. 36 was designed to make available for the first time certain kinds of admissions. It is illogical, then, and contrary to the intent manifested within the rules themselves, to hold that Civ. R. 56(C) encompasses only express admis-

sions and not the admissions by default made upon failure to respond to a request for admissions.

The judicial interpretations of the Federal Rules of Civil Procedure, upon which the Ohio Rules are modeled, serve as an authoritative guide to interpretation of the Ohio Rules. The federal courts have consistently held that default admissions may be used to support a motion for summary judgment. See, *e.g.*, *Home Indemnity Co.* v. *Famularo* (D. Colo. 1982), 530 F. Supp. 797, 799; *Weva Oil Corp.* v. *Belco Petroleum Corp.* (N.D. W.Va. 1975), 68 F.R.D. 663, 667.

More importantly, Ohio decisions have also treated the default admission as a written admission competent to support a motion for summary judgment. These cases include *Riolo* v. *Stefanyk* (Jan. 25, 1980), Cuyahoga App. Nos. 40105 and 40106, unreported; *Kondrat* v. *Martinet* (Oct. 15, 1982), Lake App. No. 9-022, unreported; and *Strip* v. *Martin* (June 24, 1982), Franklin App. No. 81AP-901, unreported.

At this point the purpose of the two rules merits examination. The Federal Rules Advisory Committee's 1970 Note to Fed. R. Civ. P. 36(a) states that:

"Rule 36 serves two vital purposes, both of which are designed to reduce trial time. Admissions are sought, first to facilitate proof with respect to issues that cannot be eliminated from the case, and secondly, to narrow the issues by eliminating those that can be. * * *"

This statement of purpose was noted by the Ohio Rules Advisory Committee in its 1970 Staff Note to Civ. R. 36.

The summary judgment statute, which was the virtually identical model for Civ. R. 56, "was enacted with a view to eliminating from the backlog of cases which clog our courts awaiting jury trials those in which no genuine issue of fact exists. The availability of this procedure and the desirability of its aims are so apparent that its use should be encouraged in proper cases." *North* v. *Pennsylvania RR. Co.* (1967), 9 Ohio St. 2d 169, 171 [38 O.O.2d 410].

Clearly, the use of default admissions in support of a motion for summary judgment furthers the purpose of both Civ. R. 36 and 56. It also is in harmony with the guiding principle of construction set out in Civ. R. 1(B):

"These rules shall be construed and applied to effect just results by eliminating delay, unnecessary expense and all other impediments to the expeditious administration of justice."

Thus, *Carroll* v. *Lucas, supra,* is in discord with both the purpose of the rules and the intent of the drafters; it permits parties to frustrate the purpose of the rules by their inadvertence or refusal to follow those rules.

Finally, this court notes that Civ. R. 56(C) does not speak of "admissions in writing." Rather, the phrase used is "written admissions," and Civ. R. 1(B) permits this court to construe that phrase as meaning not that the admission in question be itself in writing, but that the admission be evidenced by a writing, or that it become manifest from a writing.

We hold, therefore, that an admission arising by failure to respond to a request for admissions, which is evidenced by a writing, is a "written admission" for the purposes of Civ. R. 56(C).[9]

---

[9] Civ. R. 5(D) was amended effective July 1, 1984. As amended, the rule states that requests for admissions "shall not be filed [with the court] unless on order of the court or for use as evidence or for consideration of a motion in the proceeding. * * *" In summary judgment proceedings begun after July 1, 1984, the request for admissions must be attached as an exhibit to the affidavit, covered by the proof of service, and filed with the court as part of the complete motion for summary judgment.

Appellant's assignment of error lacks merit.

The judgment of the trial court is affirmed.

*Judgment affirmed.*

PRYATEL, P.J., and PATTON, J., concur.