**National Mutual Insurance Co.**
**v.**
**McJunkin**
*[Cite as 3 AOA 175]*

*Case No. 58458*
*Cuyahoga County, (8th)*
*Decided May 3, 1990*

*Todd J. Anderson, Esq.. 1501 Euclid Avenue, Suite 316, Cleveland, Ohio 44115, for Plaintiff-Appellee.*

*Everett A Bell, Esq., 33 Public Square, Suite 810, Cleveland, Ohio 44113, for Defendant-Appellant.*

*Per Curiam.*

Defendant Darryl McJunkin appeals from the order of the trial court which awarded plaintiffs, The National Mutual Ins. Co., and its insureds, Laverne and Tim Paserk (hereafter referred to collectively as "National") $400 in attorney fees, following McJunkin's failure to respond to National's request for admissions. We reverse.

I.

Upon McJunkin's failure to timely respond to its request for admissions, National filed a motion to have the matters contained within the request deemed admitted. Concomitantly, National prayed for recovery of its "reasonable" attorney fees. This motion was granted on July 22, 1988. The amount of attorney fees awarded was not indicated, however.

National subsequently moved for summary judgment on the basis that the issues of liability and damages had been resolved pursuant to the trial court's order which granted National's motion to deem admitted. National also submitted an affidavit from its attorney which indicated that National had incurred $400 in "proving" the truth of the matters admitted, as National's attorney spent a total of five hours preparing the request for admissions and the motion to deem admitted.

On September 29, 1988, the trial court granted National's motion for summary judgment and awarded it $877.58 in damages, as prayed for in National's complaint. As this judgment entry likewise failed to specify the amount of attorney fees to be awarded pursuant to the court's previous order granting National its reasonable attorney fees associated with National's request for admissions, McJunkin subsequently moved for "certification" of Satisfaction of Judgment. In this document, McJunkin claimed that all damages awarded to National were fully satisfied because defendant paid the $877.58, awarded to National, per its complaint, and because no amount of "reasonable" attorney fees was indicated with respect to the motion to deem admitted. McJunkin further argued that pursuant to Civ. R. 36 and 37, no award of attorney fees should be entered.[1] On August 11, 1989, the trial court issued an entry which indicated that National had been awarded $400 for attorney fees associated with its request for admissions, and this appeal was subsequently commenced.

II.

As McJunkin's two assignments of error are interrelated, we shall address them together:

"THE TRIAL COURT ERRED IN AWARDING THE PLAINTIFF ATTORNEYS FEES UNDER CIVIL RULE 37(C) BECAUSE THE PLAINTIFF WAS NOT REQUIRED TO PROVE THE TRUTH OF THE ADMISSIONS REQUESTED.

"IN THE ABSENCE OF AN IMPROPER DENIAL, OBJECTION OR AN ORDER COM-

PELLING DISCOVERY AN AWARD OF ATTORNEYS FEES PURSUANT TO RULE 36 AND 37(A)(4) IS AN ABUSE OF DISCRETION BY THE COURT."

Requests for admissions are governed by Civ. R. 36, which provides in pertinent part:

"(A) * * * Each matter of which an admission is requested shall be separately set forth. The matter is admitted unless, within a period designated in the request, not less than twenty-eight days after service thereof or within such shorter or longer time as the court may allow, the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter, signed by the party or by his attorney. * * *

"* * *

"(B) Effect of Admission. Any matter admitted under this rule is conclusively established unless the court on motion permits withdrawal or amendment of the admission. * * *"

Pursuant to these provisions, failure to respond to a request for admissions causes the matters stated therein to be admitted by default. *T & S Lumber Co.* v. *Alta Contr. Co.* (1984), 19 Ohio App. 3d 241, 242; *St. Paul Fire & Marine Ins. Co.* v. *Battle* (1975), 44 Ohio App. 2d 261, 269. Moreover, such admissions by default are competent to support a motion for summary judgment. *T & S Lumber Co.* v. *Alta Contr. Co., supra,* at 244; *Riolo* v. *Stefanyk* (Jan. 25, 1980), Cuyahoga App. Nos. 40105 and 40106, unreported. Accordingly, there is no need for a motion to deem matters admitted upon the recipient's failure to respond to them, and such motion was superfluous in this instance.

As to National's contention that it was entitled to the attorney fees incurred in preparing this motion, pursuant to Civ. R. 36, 37(A)(4), and 37(C), we note that the motion contemplated in Civ. R. 36 and 37(A)(4) is one to challenge answers or objections to a request for admissions. See Ohio Rules Advisory Committee Staff Notes (1970), which provides in pertinent part as follows:

"Rule 36(A) concludes by requiring the party seeking discovery to take the initiative regarding any unsatisfactory answers or objections or both; it then establishes guidelines for the court when the requesting party makes such motions. Rule 36 thus follows the general pattern of the discovery rules. The court does not automatically consider every answer and objection or both, to requests for admission. The requesting party must move for an order regarding answers and objections. 1967 Prelim. Draft 82.

"Rule 36(A) expressly applies Rule 37(A)(4) to the expenses incurred in relation to this motion. Under Rule 37(A) (4) a party who improperly opposes discovery may be assessed the expenses, including attorney fees, incurred in compelling discovery; or the party who improperly sought discovery may be assessed the expenses, including attorney fees, occasioned in defending against the motion to compel discovery.

"Rule 36(A) then gives the court its guidelines. The court is given wide discretion. It may order an answer served if it finds the objection unjustified; it may order an amended answer or declare the matter admitted if the answer does not comply with the requirements of the rule; and, in lieu of these other orders, it may 'determine that final disposition of the request be made at a pretrial conference or at a designated time prior to trial.' The court is given this last power because of the complexity and difficulty sometimes caused by requests for admission involving legal conclusions and matters which are in dispute. 1967 Prelim. Draft 79."

See, also, 1 Baldwin's Ohio Civil Practice (1988), 286-287, T 23.10. Accord *St. Paul Fire & Marine Ins. Co.* v. *Battle, supra,* at 270-271.

Further, the provision in Civ. R. 37(C) for recovery of attorney fees incurred in proving a matter which the recipient of a request for admissions has previously failed to admit pertains to a failure resulting from a flat denial or from a statement of inability to admit or deny and not from a failure to respond to a request for admissions. 1 Baldwin's Ohio Civil Practice, *supra,* at 288. For as we stated previously, a failure to respond results in admission of the matter requested to be admitted. *Id.*

Accordingly, there is no basis in the civil rules for recovery of attorney fees for preparation of a motion to deem admitted, following one's opponent's failure to respond to a request for admissions.

*Judgment reversed.*

CORRIGAN, P.J., DYKE, J., and CORRIGAN, J. concur.

---

[1] National contends that this motion was in fact an untimely motion for relief from judgment pursuant to Civ. R. 60 (B). We disagree as the motion sought clarification of the court's

previous orders, and made no reference to Civ. R. 60(B) or the grounds for relief stated therein.