OPINION
Appellant PDL Services, Inc. ("PDL") appeals the decision of the Stark County Court of Common Pleas that granted summary judgment on behalf of Appellee Eastern Well Surveys, Inc. ("Eastern Well"). The following facts give rise to this appeal. PDL filed its complaint, in the Stark County Court of Common Pleas, on July 6, 1998, against Appellee Eastern Well. The dispute arises out of a contract between the parties under which Eastern Well performed certain logging and perforating services on an oil and gas well owned by PDL. Specifically, in the complaint, PDL alleged Eastern Well breached its contract by failing to perform its duties properly and that Eastern Well performed its work in an "unworkmanlike and negligent manner." Eastern Well filed its answer on September 2, 1998, denying all liability and asserted a counterclaim against PDL for payment of the work it performed on the well. Eastern Well sought $2,017 together with interest, in its counterclaim. PDL answered Eastern Well's counterclaim on September 30, 1998. On January 19, 1999, Eastern Well served PDL written discovery including requests for admission. However, prior to Eastern Well's service of written discovery, appellant's former counsel, Attorney Willen, determined it was necessary for him to withdraw from representing PDL. Eight days prior to the service of discovery, on January 11, 1999, Attorney Willen met with current counsel, Attorney Smith, and discussed the case. On January 20, 1999, Attorney Willen represented PDL at a pretrial as Attorney Smith was unable to attend. Following the pretrial conference, Attorney Willen forwarded his entire file to Attorney Smith but did not include any of Eastern Well's discovery requests. Further, Attorney Willen did not notify Attorney Smith that Eastern Well had filed discovery requests. Attorney Smith filed a notice of substitution of counsel on February 1, 1999. On February 10, 1999, Attorney Smith received a letter from Attorney Willen indicating he was forwarding discovery requests. The deadline for response to the discovery requests was February 17, 1999. Upon receipt of these discovery requests, Attorney Smith contacted Mr. Denver Belknap, president of PDL, and arranged to meet with him on February 15, 1999, to review the discovery requests. Attorney Smith claims that due to the extensive nature of the discovery requests, on either February 15 or 16, 1999, he telephoned counsel for Eastern Well and requested an extension of time to respond to the discovery requests. Eastern Well's counsel indicated he would not agree to an extension. Thereafter, due to a serious case of the flu, Attorney Smith was not at his office on February 17, 18, and part of February 19, 1999. As a result of this illness, Attorney Smith had to reschedule his appointment with Mr. Belknap to February 25, 1999. On March 1, 1999, Attorney Smith faxed his response to discovery requests to counsel representing Eastern Well and mailed the original to him UPS Overnite Mail the next day. On March 1, 1999, Eastern Well moved for an order deeming admitted, for purposes of the instant case, the matters addressed in its requests for admission. The trial court granted Eastern Well's motion on March 15, 1999, and deemed said requests admitted. On April 6, 1999, Eastern Well moved for summary judgment with respect to PDL's claims and with respect to its counterclaim. On May 3, 1999, the trial court granted summary judgment in favor of Eastern Well and dismissed PDL's claims against Eastern Well. The trial court also granted Eastern Well judgment on its counterclaim in the amount of $2,017 plus interest. PDL timely filed its notice of appeal and sets forth the following assignments of error for our consideration:
 I. THE TRIAL COURT ERRED, AS A MATTER OF LAW, IN GRANTING DEFENDANT'S MOTION PURSUANT TO CIVIL RULE 36, THAT ITS REQUESTS FOR ADMISSION BE DEEMED ADMITTED FOR PURPOSES OF THE PENDING LITIGATION.
 II. THE TRIAL COURT ERRED, AS A MATTER OF LAW, IN GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT PURSUANT TO CIVIL RULE 56.
 I
The issue raised in appellant's First Assignment of Error is whether the trial court properly deemed admitted appellee's requests for admission. For the reasons that follow, we find the trial court did not err in deeming appellee's requests for admission admitted. Civ.R. 36 addresses requests for admission and provides, in pertinent part: (A) Request for admission A party may serve upon any other party a written request for the admission, for purposes of the pending action only, of the truth of any matters within the scope of Rule 26(B) set forth in the request that relate to statements or opinions of fact or of the application of law to fact, including the genuineness of any documents described in the request. * * * * * * The matter is admitted unless, within a period designated in the request, not less than twenty-eight days after service thereof or within such shorter or longer time as the court may allow, the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter, signed by the party or by his attorney. * * *
(B) Effect of admission Any matter admitted under this rule is conclusively established unless the court on motion permits withdrawal or amendment of the admission. * * * [T]he court may permit withdrawal or amendment when the presentation of the merits of the action will be subserved thereby and the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice him in maintaining his action or defense on the merits. * * *
In support of this assignment of error, PDL argues Civ.R. 36(A) specifically permits the trial court to allow a longer time for response to the requests. Further, Civ.R. 36(B) permits withdrawal or amendment, by motion, of a request for admission deemed admitted when such withdrawal or amendment would not prejudice a party in maintaining its action or defense on the merits. Attorney Smith states that although he became aware of the requests for admission seven days prior to the deadline for responding, he did not timely file his answers to Eastern Well's requests for admission due to illness. In Cleveland Trust Co. v. Willis (1985),20 Ohio St.3d 66, 67-68, the Ohio Supreme Court addressed a similar fact situation and stated: In this case Charles failed to justify his dilatory response to the requests. On appeal Charles suggests that illness prevents his timely response. However, Charles did not move for a protective order or otherwise request relief from the duty of responding to these requests for admissions. Extensions of time may always be asked for and are usually granted on a showing of good cause if timely made under the Civil Rules.
The record indicates Attorney Smith only had seven days from the time he received the requests for admission, from Attorney Willen, in which to file his response to the discovery requests. Attorney Smith knew, as of February 15 or 16, 1999, that based on a conversation he had with the attorney representing Eastern Well, Eastern Well would not agree to an extension of time within which to answer the discovery requests. On February 17, 1999, the day the requests for admission were due, Attorney Smith became ill with the flu. Clearly, based on the representations made to this court, Attorney Smith knew he was going to have difficulty making the February 17, 1999 deadline, even before he became ill with the flu. This is evident by the phone call he made to Eastern Well's attorney in which he requested an extension of time prior to becoming ill with the flu. The record further indicates Attorney Smith did not request an extension of time, from the trial court, within which to file the requested discovery. On March 1, 1999, the same day Eastern Well moved to have its requests for admission deemed admitted, Attorney Smith faxed to Eastern Well's attorney a copy of his answers to Eastern Well's discovery requests. On March 4, 1999, Attorney Smith filed, with the trial court, notice of filing answers to discovery. On March 15, 1999, the trial court granted Eastern Well's motion to have the requests for admission deemed admitted. In Janevski v. Janevski (March 20, 1989), Stark App. No. 7647, unreported, at 2, we stated: Obviously, the allowance of an enlargement of time must be obtained prior to the termination of requested time period, * * *. To maintain otherwise would be to reduce the clear language of the rule reductio ad absurdum. Rule 36 is unambiguous that if and when proper service of the request for admissions is served upon the adverse party, said party has two options and only two options: respond within the time period contained within the request or ask the court for more time. If the responding party could amble into court well after the deadline had run and secure leave to answer * * * the `deemed admitted' language of the rule would be a nullity. (Emphasis sic.)
Attorney Smith did not ask the trial court for more time within which to respond to Eastern Well's discovery requests and also failed to timely file his response to the discovery requests. Thus, the trial court properly deemed the requests for admission admitted. PDL also maintains, in its First Assignment of Error, that Eastern Well would suffer no prejudice if the trial court denied its motion to have the requests for admission deemed admitted. The element of prejudice is discussed under Civ.R. 36(B) which governs a situation where a party moves for withdrawal or amendment of an admission. The record indicates, in the case sub judice, that Attorney Smith never moved to withdraw or amend any of the admissions. Thus, the issue of prejudice is not a factor in this matter. Based on the above, we conclude the trial court did not err when it deemed Eastern Well's requests for admission admitted. Appellant's First Assignment of Error is overruled.
 II
In its Second Assignment of Error, PDL maintains the trial court erred, as a matter of law, when it granted Eastern Well's motion for summary judgment. We disagree. Summary Judgment Standard Summary judgment proceedings present the appellate court with the unique opportunity of reviewing the evidence in the same manner as the trial court. Smiddy v. The Wedding Party, Inc. (1987), 30 Ohio St.3d 35,36. As such, we must refer to Civ.R. 56 which provides, in pertinent part:
Summary judgment shall be rendered forthwith if the pleading, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case and written stipulations of fact, if any, timely filed in the action show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. * * * A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only therefrom, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in his favor.
Pursuant to the above rule, a trial court may not enter summary judgment if it appears a material fact is genuinely disputed. The party moving for summary judgment bears the initial burden of informing the trial court of the basis for its motion and identifying those portions of the record that demonstrates the absence of a genuine issue of material fact. The moving party may not make a conclusory assertion that the non-moving party has no evidence to prove its case. The moving party must specifically point to some evidence which demonstrates the non-moving party cannot support its claim. If the moving party satisfies this requirement, the burden shifts to the non-moving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial. Vahila v. Hall (1997), 77 Ohio St.3d 421,429, citing Dresher v. Burt (1996), 75 Ohio St.3d 280. It is based on this standard that we review appellant's Second Assignments of Error. Prior to addressing the issues PDL raises in this assignment of error, we begin by noting that it is well-settled law that a party may obtain summary judgment on the basis of default admissions. T S Lumber Co. v. Alta Construction Co. (1984), 19 Ohio App.3d 241, 244; Smith v. Richardson (Feb. 10, 1986), Muskingum App. No. CA-85-32, unreported, at 11. As a result of the default admissions, no genuine issues of material fact exist as to the following facts:
 1. Eastern and PDL entered into a contract in which Eastern agreed to perform certain oil and gas related services at an agreed-upon price in exchange for payment thereof by PDL. (Request for Admission No. 2)
 2. A true and accurate copy of that contract was attached as Exhibit B to Eastern's Answer and Counterclaim. (Request for Admission No. 3)
 3. In signing the work order attached to Eastern's Answer and Counterclaim, PDL agreed that the relationship between PDL and Eastern would be governed by the terms and conditions on the reverse side of the work order. (Request for Admission No. 5)
 4. Eastern performed its services on the Robertsville Stonehill #2 well under the contract in a workmanlike manner. (Request for Admission No. 4) Appellee Eastern Well's Brief at 11-12.
Further, the following terms and conditions are contained in the language of the work order which, pursuant to the Request for Admission No. 5, govern the parties' contractual relationship: [W]e accept an order to perform services or work only with the understanding that we do not guarantee results and, except in the case of gross or willful negligence on our part, shall not be liable for * * * any loss or damage * * *. The customer shall absolve and hold us harmless and indemnify us from all liability for such * * * damage incurred by the Customer * * *, regardless of the cause.
At the summary judgment stage, PDL attempted to contradict Admission No. 4 by submitting affidavits alleging unworkmanlike performance by Eastern Well. However, a party cannot, through the use of affidavits, alter the finality of admissions under Civ.R. 36. Riolo v. Stefanyk (Jan. 25, 1980), Cuyahoga App. Nos. 40105, 40106, unreported, at 5. We also note PDL failed to allege, in its complaint, gross or willful negligence on Eastern Well's behalf, which is the necessary degree of culpability to hold Eastern Well liable. PDL merely asserts a negligence claim. However, PDL admits, through the requests for admission, that Eastern Well performed in a workmanlike manner under the contract. PDL also attempts to argue that Eastern Well made two separate trips to the well at issue and that the work performed by Eastern Well on the first trip was not done in a workmanlike manner. This argument must also fail because PDL admitted, in Request for Admission No. 4, that Eastern Well performed its services in a workmanlike manner. There is no distinction between the two visits to the well. Finally, PDL attempts to avoid summary judgment by arguing there was a disparity of bargaining power between the parties. We find nothing in Ohio law that precludes enforcement of the liability limitation proposed by Eastern Well and accepted by PDL in the contract between the parties. We also find no evidence of disparity of bargaining power between the two parties. Further, PDL's admission in Request for Admission No. 4 does not preclude summary judgment on this issue. Accordingly, we conclude the trial court did not err when it granted summary judgment on behalf of Eastern Well. Appellant's Second Assignment of Error is overruled.
For the foregoing reasons, the judgment of the Court of Common Pleas, Stark County, Ohio, is hereby affirmed.
By: Wise, P.J. Gwin, J., and Edwards, J., concur.