This cause came on to be heard upon the accelerated calendar pursuant to App.R. 11.1 and Loc.App.R. 25, the record from the Cuyahoga County Court of Common Pleas, oral argument and the briefs of counsel. Mannesmann Dematic Corporation, plaintiff-appellant, appeals from the judgment of the Cuyahoga County Court of Common Pleas, General Division, Case No. CV-350867, in which the trial court granted the summary judgment motion of Michael F. Barbery, defendant-appellee. Plaintiff-appellant assigns a single error for this court's review.
Plaintiff-appellant's appeal is not well taken.
Plaintiff-appellant entered into a distributorship agreement with Material Handling Services, Inc. on October 30, 1992. Defendant-appellee is president of Material Handling Services, Inc. The distributorship agreement authorized Material Handling Services, Inc. to be an authorized distributor of DEMAG Products in the state of South Carolina. Plaintiff-appellant is headquartered in Cuyahoga County, Ohio. A subsequent dealer agreement was executed between the parties on July 5, 1994.
On March 17, 1998, plaintiff-appellant filed a breach of contract action against Material Handling Services, Inc. and defendant-appellee as an individual alleging that defendants owed $227,433.70 for services rendered and goods delivered to defendants pursuant to both the distributorship and dealer agreements executed between the parties. Plaintiff-appellant sought to collect from Material Handling Services, Inc. as well as defendant-appellee as an individual.
Initially defendants challenged the trial court's jurisdiction over the parties pursuant to a motion to dismiss for improper venue. The trial court denied defendants' motion to dismiss on September 17, 1998, finding that venue was proper since plaintiff-appellant's place of business in Cuyahoga County, Ohio and the contract called for payment in Cuyahoga County, Ohio.
Discovery ensued during which defendants submitted requests for admissions to plaintiff-appellant which included the following:
 1.) The merchandise sold under account number 00395560 was sold solely to Material Handling Services, Inc.
 2.) The merchandise sold under account number 00051690 was sold solely to Material Handling Services, Inc.
 3.) Defendant Michael F. Barbery did not sign a written guarantee for the merchandise sold under account number 00395560.
 4.) Defendant Michael F. Barbery did not sign a written guarantee for the merchandise sold under account number 00051690.
 5.) Defendant Michael F. Barbery is not personally responsible for the debts of Material Handling Services, Inc.
Plaintiff-appellant failed to respond to defendants' requests for admissions. Defendants then moved to have the unanswered requests for admissions deemed admitted pursuant to Civ.R. 36. Plaintiff-appellant also failed to respond to defendants' motion. Accordingly, on March 9, 1999, the trial court granted defendants' motion to have the unanswered requests for admissions deemed admitted.
On December 31, 1998, defendant-appellee filed a motion for summary judgment in which he maintained that he was not personally liable for the debt incurred by Material Handling Services, Inc. On February 25, 1999, plaintiff-appellant filed its brief in opposition to defendant-appellee's summary judgment motion in which it maintained that defendant-appellee was liable under the concept of piercing the corporate veil. Plaintiff-appellant argued that, in actuality, defendant-appellee was Material Handling Services, Inc. since he maintained complete control over the corporation, did not adhere to corporate formalities, was the sole corporate officeholder and the company's sole shareholder.
On March 9, 1999, the trial court granted defendant-appellee's motion for summary judgment through the following journal entry:
 Defendant Michael F. Barbery's motion for summary judgment is well taken and granted as no genuine issue of material fact exist and Defendant is entitled to judgment as a matter of law. Plaintiff has admitted by way of
 Defendant's request for admissions that Defendant Michael F. Barbery is not personally responsible for the debts of Material Handling Services, Inc. Therefore, Plaintiff has no claim against this Defendant. Partial.
On March 16, 1999, plaintiff-appellant obtained a judgment against defendant Material Handling Services, Inc. only in the amount of $227,433.70 with interest from the date of the judgment. On April 6, 1999, plaintiff-appellant filed a timely notice of appeal from the trial court's entry granting summary judgment in favor of defendant-appellee.
Plaintiff-appellant's sole assignment of error, which is set forth in the form of a question, states:
 I. WHETHER THE TRIAL COURT PROPERLY GRANTED MICHAEL F. BARBERY'S SUMMARY JUDGMENT?
Plaintiff-appellant argues, through its sole assignment of error, that the trial court improperly granted summary judgment in favor of defendant-appellee. Specifically, plaintiff-appellant maintains that a genuine issue of material fact exists as to the personal liability of defendant-appellee given the fact that defendant-appellee completely controlled the day-to-day operations of Material Handling Services, Inc. to such an extent that the corporation had no separate will or existence of its own. It is plaintiff-appellant's position that sufficient evidence was presented to demonstrate the existence of a genuine issue of material fact as to whether the corporate veil should be pierced in this matter.
Defendant-appellee maintains that, pursuant to R.C. 1335.05, Ohio's statute of frauds, a contract which purports to guarantee a debt must be in writing. Defendant-appellee argues further that, since no such written guarantee was ever executed, he could not be held personally liable for the underlying debt of Material Handling Services, Inc., particularly in light of plaintiff-appellant's admissions that all underlying dealings were with Material Handling Services, Inc. only not defendant-appellee personally. Defendant-appellee also contends that the concept of piercing the corporate veil is not properly before the court since it was not raised in either the complaint or plaintiff-appellant's response to defendants' motion to dismiss. Finally, defendant-appellee once again challenges the jurisdiction of the trial court claiming that the case should have been brought in his state of residence and location of his business, South Carolina.
Initially, this court notes that the standard for granting a motion for summary judgment is set forth in Civ.R. 56 (C). In applying this rule, the Ohio Supreme Court has consistently held that, before such a motion can be granted, the moving party must show that: (1) there is no genuine issue of fact; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the non-moving party, that conclusion is adverse to the party against whom the motion for summary judgment is made. Mootispaw v.Eckstein (1996), 76 Ohio St.3d 383; Welco Industries, Inc. v.Applied Cas. (1993), 67 Ohio St.3d 344; Osborne v. Lyles (1992),63 Ohio St.3d 326.
A motion for summary judgment forces the non-moving party to produce evidence on issues for which that party bears the burden of production at trial. Wing v. Anchor Media, Ltd. of Texas
(1991), 59 Ohio St.3d 108, syllabus. The non-movant must also present specific facts and may not merely rely upon the pleadings or upon unsupported allegations. Shaw v. Pollack Co. (1992),82 Ohio App.3d 656. When a party moves for summary judgment supported by evidentiary material of the type and character set forth in Civ. R. 56 (C), the opposing party has a duty to submit affidavits or other material permitted by Civ.R. 56 (E) to show that there is a genuine issue for trial. Harless v. Willis Day Warehousing Co.
(1978), 54 Ohio St.2d 64.
In Dresher v. Burt (1996), 75 Ohio St.3d 280, the Ohio Supreme Court discussed the standard to be applied when reviewing motions for summary judgment. The court stated:
 Again, we note that there is no requirement in Civ.R. 56 that any party submit affidavits to support a motion for summary judgment. See, e.g., Civ.R. 56 (A) and (B). There is a requirement, however, that a moving party, in support of a summary judgment motion, specifically point to something in the record that comports with the evidentiary materials set forth in Civ.R. 56 (C)
Id. at 298.
The court's analysis of an appeal from a summary judgment is conducted under a de novo standard of review. See Maust v. BankOne Columbus, N.A. (1992), 83 Ohio App.3d 103, 107; Howard v.Willis (1991), 77 Ohio App.3d 133. No deference is given to the decision under review, and this court applies the same test as the trial court. Bank One of Portsmouth v. Weber (Aug. 7, 1991), Scioto App. No. 1920, unreported.
When a party fails to respond, without justification, to a properly served request for admissions, those matters to which the requests were addressed will be deemed admitted. Civ.R. 36;Cleveland Trust Co. v. Willis (1985), 20 Ohio St.3d 66, 67,485 N.E.2d 1052, 1053-1054, certiorari denied (1986), 478 U.S. 1005,106 S.Ct. 3295, 92 L.Ed.2d 710. An admission arising out of an unjustified failure to respond to a request for admissions is a written admission for the purposes of Civ.R. 56 (C). T S LumberCo. v. Alta Constr. Co. (1984), 19 Ohio App.3d 241, 244,483 N.E.2d 1216, 1220; Rafferty v. Scurry (1997), 117 Ohio App.3d 240,690 N.E.2d 104.
In the case sub judice, a review of the record from the trial court demonstrates that plaintiff-appellant completely failed to respond to defendant-appellee's request for admissions as well as defendant-appellee's motion to have the unanswered requests for admissions deemed admitted. In addition, plaintiff-appellant never moved for relief from the conclusive effect of the admissions pursuant to Civ.R. 36 (B). See S.K. Construction Co. v. L, KIndustrial Painting Contractors, Inc. (Nov. 6, 1998), Greene App. No. 98CA11, unreported. Clearly, the trial court properly deemed defendant-appellee's request for admissions as admitted and properly relied upon the admissions in entering summary judgment in defendant-appellee's favor on plaintiff-appellant's complaint. Given the fact that plaintiff-appellant essentially admitted that it never dealt with defendant-appellee on an individual basis, but always had a business relationship with Material Handling Services, Inc., it is apparent that the trial court was justified in its reliance upon the admissions in determining that defendant-appellee was not personally liable under the business contracts. No genuine issue of material fact existed and defendant-appellee was entitled to judgment as a matter of law.
Plaintiff-appellant's sole assignment of error is not well taken.
Judgment of the trial court is affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of
 ___________________________ MICHAEL J. CORRIGAN JUDGE
O'DONNELL, TERRENCE, P.J., and
PATTON. J., CONCUR.