OPINION
In October of 1997, appellants, Tara DeLong Roe and Paul Roe, rented a home located at 13540 Middleford Road, Lot 72A, Rockbridge, Ohio. Said home was owned by appellee, Jeffrey Hovatter, and insured by appellee, Ohio Mutual Insurance Company. On or about January 7, 1999, appellee Hovatter discovered water damage in the home resulting from broken water pipes.
On February 1, 2001, appellees filed a complaint against appellants for negligence and damages in the amount of $5,735.82. Appellants answered on February 23, 2001. Appellees sent interrogatories and requests for production of documents to appellants on March 16, 2001. A request for admissions was sent on March 19, 2001. Appellants did not respond.
On April 25, 2001, appellees filed a motion for summary judgment based on the unanswered admissions. By entry filed May 2, 2001, the trial court ordered appellants to comply with the request for admissions within fifteen days.
On May 21, 2001, appellees filed an amended motion for summary judgment based on appellants' failure to comply with the trial court's order. By entry filed June 28, 2001, the trial court granted said motion and found in favor of appellees as against appellants in the amount of $5,735.82 plus costs and interest.
Appellants filed an appeal and this matter is now before this court for consideration. Appellants are pro se and did not provide a "statement of the assignments of error presented for review" as required by App.R. 16. From the docketing statement filed July 19, 2001 and appellants' "brief" filed same date, we glean the following assignment of error:
 I THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT TO APPELLEES WITHOUT A HEARING THEREBY BREAKING OUR CIVIL RIGHTS.
 I
Appellants claim their civil rights were broken because the trial court granted summary judgment to appellees without giving them a chance to defend themselves at a hearing. We disagree.
Summary judgment motions are to be resolved in light of the dictates of Civ.R. 56. Said rule was reaffirmed by the Supreme Court of Ohio in Stateex rel. Zimmerman v. Tompkins (1996), 75 Ohio St.3d 447, 448:
 Civ.R. 56(C) provides that before summary judgment may be granted, it must be determined that (1) no genuine issue as to any material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the party against whom the motion for summary judgment is made. State ex rel. Parsons v. Fleming (1994), 68 Ohio St.3d 509, 511, 628 N.E.2d 1377, 1379, citing Temple v. Wean United, Inc. (1977), 50 Ohio St.2d 317, 327, 4 O.O3d 466, 472, 364 N.E.2d 267, 274.
As an appellate court reviewing summary judgment motions, we must stand in the shoes of the trial court and review summary judgments on the same standard and evidence as the trial court. Smiddy v. The Wedding Party,Inc. (1987), 30 Ohio St.3d 35.
Preliminarily, we will address appellants' claim made at oral argument that they did not receive the motion for summary judgment. A motion for summary judgment was filed on April 25, 2001. Said motion included a certificate of service to appellants at 741 Marietta Road, Bremen, Ohio, 43107. This is the address employed by the clerk and noted on the docket filed with this court on July 23, 2001 as said address was provided by appellants in their answer filed February 23, 2001. The trial court denied the motion and ordered appellants to comply with the request for admissions within fifteen days. See, Entries filed May 2, 2001.
On May 21, 2001, appellees filed an amended motion for summary judgment based on appellants' failure to comply with the trial court's order. Attached to this motion as "Exhibit A" were the requested admissions. The certificate of service notes the amended motion was sent to the Marietta Road address. Pursuant to Civ.R. 5(B), there is no requirement that a motion for summary judgment must be served by any other process than ordinary mail:
 Whenever under these rules service is required or permitted to be made upon a party who is represented by an attorney of record in the proceedings, the service shall be made upon the attorney unless service upon the party is ordered by the court. Service upon the attorney or party shall be made by delivering a copy to the person to be served, transmitting it to the office of the person to be served by facsimile transmission, mailing it to the last known address of the person to be served or, if no address is known, leaving it with the clerk of the court. The served copy shall be accompanied by a completed copy of the proof of service required by division (D) of this rule. `Delivering a copy' within this rule means: handing it to the attorney or party; leaving it at the office of the person to be served with a clerk or other person in charge; if there is no one in charge, leaving it in a conspicuous place in the office; or, if the office is closed or the person to be served has no office, leaving it at the dwelling house or usual place of abode of the person to be served with some person of suitable age and discretion then residing in the dwelling house or usual place of abode. Service by mail is complete upon mailing. Service by facsimile transmission is complete upon transmission.
The certificate of service attached to the amended motion for summary judgment satisfies the requirements of this rule. Further, the Marietta Road address was the address given by appellants in their answer and in their notice of appeal, and acknowledged by appellants at the oral arguments. If the rule has been satisfied, as it was in this case, then we cannot find there was a lack of service.
The amended motion for summary judgment was predicated upon appellants' failure to respond to the request for admissions:
* * *
 Each matter of which an admission is requested shall be separately set forth. The matter is admitted unless, within a period designated in the request, not less than twenty-eight days after service thereof or within such shorter or longer time as the court may allow, the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter, signed by the party or by his attorney.
* * *
Civ.R. 36(A).
The request for admissions attached to the amended motion for summary judgment was mailed to appellants at the Marietta Road address on March 19, 2001. The request sought admissions within a period of thirty days after service of the request. To date, appellants have not responded to the request for admissions. We note the request was served in compliance with Civ.R. 5 and 36.
The request for admissions asked appellants to admit they were responsible for the damages to the subject property; they were responsible for keeping fuel in the propane tank at the subject property; the pipes froze and broke at the subject property because they failed to keep the proper amount of fuel in the propane tank; they agreed to leave the subject property with at least twenty percent fuel in the tank; they did not pay the January 1999 rent after they told appellee Hovatter they would; they moved out of the subject property prior to January 7, 1999 with no intentions of returning; the damage to the subject property was a direct and proximate result of their negligence in the proper maintenance of the property; no act or omission by appellee Hovatter caused the damage; and the expenses set forth in the attached exhibits were fair and reasonable and a direct and proximate cause of the broken pipes.
The trial court did not grant summary judgment to appellees until June 28, 2001, one month after the filing of the amended motion for summary judgment and almost two months after the trial court had ordered appellants to comply with the request for admissions. A docket notation on February 26, 2001 indicates June 28, 2001 was the date assigned as a pretrial date. Appellants argue in their "brief" that they appeared on said date, but the trial court "refuse to hear the case." Appellants argue they "have the right to be heard in a court of law" and since they were not given the opportunity to do so, their "Civil Rights were broken." It is regrettable that pro se defendants, such as appellants, get caught by the mandatory requirements of the civil rules, but it is nevertheless the law by which the courts of this state must adhere to in administering justice. There cannot be a separate "it's okay, you don't know the rules" standard for pro se litigants and strict compliance forced upon represented litigants.
Based upon appellants' failure to answer the request for admissions as ordered to do so by the trial court, the trial court was permitted to deem the matters therein admitted. Civ.R. 36(A). As a result, there were no issues in dispute and appellees were entitled to judgment. T SLumber Co. v. Alta Construction Co. (1984), 19 Ohio App.3d 241; Smith v.Richardson (February 10, 1986), Muskingum App. No. CA-85-32, unreported. Given the record presented, we find the trial court did not err in granting summary judgment to appellees.
The sole assignment of error is denied.
JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Municipal Court of Fairfield County, Ohio is affirmed.
Hon. Julie A. Edwards, P.J. Hon. Sheila G. Farmer, J. Hon. John F. Boggins, J. concur.