DECISION AND JUDGMENT ENTRY
{¶ 1} Foxfire Golf Club, Inc. appeals the trial court's judgment awarding Auto Owners Insurance damages for Foxfires' nonpayment of insurance premiums. Foxfire argues that the court erred by relying solely upon Auto Owners' Civ.R. 36 Request for Admissions in reaching its decision. Foxfire contends that Auto Owners did not properly offer the admissions into evidence. Because the trial court did not abuse its discretion by considering the admissions as evidence when reaching its decision we affirm the trial court's judgment. *Page 2 
 {¶ 2} On June 18, 2004, Auto Owners filed a complaint alleging that Foxfire owes it for unpaid insurance premiums. On October 26, 2004, Auto Owners served Foxfire with a request for admissions. On September 2, 2005, Auto Owners filed a combined motion to have the requests for admissions deemed admitted and a summary judgment motion. It alleged that Foxfire never responded to its request for admissions and that, consequently, the court should deem them admitted.
 {¶ 3} The court denied Auto Owners' motion for summary judgment, took its request for admissions deemed admitted under advisement, and proceeded to trial on September 6, 2005. At trial, Auto Owners presented one witness and Foxfire presented two witnesses.
 {¶ 4} On October 4, 2005, the trial court entered judgment in Auto Owners' favor. In its decision, the court noted that it took Auto Owners' request to have the admissions admitted under advisement. The court then granted the motion to have the requests admitted and relied upon those admissions to render its decision.
 {¶ 5} Foxfire timely appealed the court's judgment and assigns the following error:
 {¶ 6} I. "THE TRIAL COURT ERRED IN CONSIDERING AND RELYING ON EVIDENCE NOT ADMITTED DURING TRIAL." *Page 3 
 {¶ 7} In its sole assignment of error, Foxfire asserts that the trial court erred by relying upon Auto Owners' request for admissions. Foxfire claims that Auto Owners did not properly introduce the document as evidence at trial and that the trial court never admitted it into evidence.
 {¶ 8} The trial court possesses broad discretion when deciding whether to admit or exclude evidence. See, e.g., State v. Sage (1987),31 Ohio St.3d 173, 180, 510 N.E.2d 343. An appellate court reviews a trial court's decision to admit or exclude evidence for an abuse of discretion. See, e.g., State v. Mardis (1999), 134 Ohio App.3d 6, 20,792 N.E.2d 1272. To find that a trial court abused its discretion, the record must demonstrate that the trial court's decision was unreasonable, arbitrary or unconscionable, and not merely an error of law or judgment. See, e.g., Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219, 450 N.E.2d 1140.
 {¶ 9} "Civ.R. 36 requires that when requests for admissions are filed by a party, the opposing party must timely respond either by objection or answer. Cleveland Trust Co. v. Willis (1985), 20 Ohio St.3d 66, 67,485 N.E.2d 1052. The party on whom the request for admissions has been served must answer the request in not less than twenty-eight days after service or the matter is deemed admitted. WUPW TV-36 v. Direct ResultsMarketing, Inc. (1990), 70 Ohio App.3d. 710, 717, 591 N.E.2d 1345. The *Page 4 
admission by default which arises under Civ.R. 36(A) works the same effect under Civ.R. 36(B) as an express admission: the matter admitted is conclusively established for the purpose of the pending action. T S Lumber Co. v. Alta Construction Company, Inc. (1984),19 Ohio App.3d 241, 242, 483 N.E.2d 1216.
Cleveland Trust further explained Civ.R. 36 as follows:
 "A request for admission can be used to establish a fact, even if it goes to the heart of the case. This is in accord with the purpose of the request to admit — to resolve potentially disputed issues and thus to expedite the trial. See St. Paul Fire Marine Ins. Co. v. Battle (1975), 44 Ohio App.2d 261, 269, 337 N.E.2d 806.
 Any matter admitted under Civ.R. 36 is conclusively established unless the court on motion permits withdrawal or amendment of the admission. Civ.R. 36(B)."
Id. at 67.
 {¶ 10} In the case at bar, the trial court apparently construed Auto Owners' request to have the admissions be deemed admitted as a request to offer the admissions into evidence. While Auto Owners may not have formally offered the admissions into evidence, the document is part of the trial court record. Furthermore, once the court deemed them admitted, the matters were "conclusively established." Consequently, the court did not abuse its discretion by considering the admissions in reaching its decision. *Page 5 
 {¶ 11} Accordingly, we overrule Foxfire's sole assignment of error and affirm the court's judgment.
 JUDGMENT AFFIRMED. *Page 6 
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that the Appellee recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Pickaway County Common Pleas Court to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as of the date of this entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
McFarland, P.J. and Kline, J.: Concur in Judgment and Opinion.
 Abele, J.: Concurs in Judgment Only. *Page 1