**RAFFERTY, Appellee,**

v.

**SCURRY, Appellant.**

[Cite as *Rafferty v. Scurry* (1997), 117 Ohio App.3d 240.]

Court of Appeals of Ohio,
Twelfth District, Madison County.

No. CA96–01–001.

Decided Jan. 21, 1997.

242

*Kemp, Schaeffer, Rowe & Lardiere* and *Christopher L. Lardiere,* for appellee.
*Fred L. Scurry, pro se.*

WALSH, Presiding Judge.

Defendant-appellant, Fred L. Scurry, appeals *pro se* from a Madison County Court of Common Pleas entry of summary judgment in favor of plaintiff-appellee, Bruce Rafferty, on the issue of appellant's legal malpractice and from the trial court's award of $46,281.47 in damages. We affirm.

Appellee retained appellant to represent him in an action for restitution of real estate. The underlying facts in that case were that appellee's mother and stepfather resided in a house situated on approximately forty-seven acres of land. After appellee's mother died, appellee's stepfather wanted appellee to continue to reside in the home and to provide lifetime care for the stepfather. In return, the stepfather would give appellee the house and five acres of land, with the stepfather retaining a life estate subject to a life care contract. Another attorney prepared the contract and the deed. Both were executed, but the deed was never recorded.

After the stepfather died, a dispute arose between appellee and his stepbrother, Harold Stroupe, as to the ownership of the house and the five acres. Stroupe filed suit against appellee as described above ("*Stroupe* case"). Appellant, as counsel to appellee, moved to dismiss. The Madison County Municipal Court responded to the motion by an entry transferring the case to the common pleas court due to lack of jurisdiction.

Stroupe ultimately moved for a default judgment due to Rafferty's failure to file an answer. The trial court entered a default judgment on December 30, 1993. Appellant's subsequent motion for relief from judgment being legally insufficient, appellee retained new counsel. The new counsel filed a Civ.R. 60(B) motion for relief from judgment, which was overruled by the trial court. Appellee then filed suit against appellant for legal malpractice.

After appellant failed to respond to appellee's request for admissions, appellee filed a motion for partial summary judgment on the legal malpractice issue, which

was granted by the trial court. Following a trial on the issue of damages, the trial court awarded appellee $46,281.47. Appellant filed a motion for a new trial on the damages issue, which was overruled. On appeal, appellant raises the following assignments of error:

"Assignment of Error No. 1:

"The trial court erred to the prejudice of defendant-appellant for its failure to disqualify itself on its own motion.

"Assignment of Error No. 2:

"The trial court erred as a matter of law by granting appellee's motion for summary judgment, since genuine issues of material fact exist in this case.

"Assignment of Error No. 3:

"The trial court erred to the prejudice of defendant-appellant by granting appellee damages for the real property.

"Assignment of Error No. 4:

"The trial court erred to the prejudice of defendant-appellant in not requiring expert testimony as required to establish an attorney's breach of duty.

"Assignment of Error No. 5:

"The trial court erred to the prejudice of defendant-appellant in finding that appellant's action was the proximate cause of appellee's dilemma.

"Assignment of Error No. 6:

"The trial court erred to the prejudice of defendant-appellant in holding that appellee would have obtained a more favorable judgment.

"Assignment of Error No. 7:

"The trial court erred to the prejudice of defendant-appellant in allowing attorney fees for the predicated case."

Appellant argues in his first assignment of error that the trial judge erred in failing to recuse himself from the malpractice case. Appellant alleges that the trial court's bias is apparent from the court's decision and entry on Rafferty's Civ.R. 60(B) motion in the *Stroupe* case, where the court stated that appellant's neglect was inexcusable and that Rafferty was not entitled to relief from judgment, concluding:

"Scurry's default was certainly prejudicial, but did not constitute abandonment. He attempted to remedy his failure to timely answer by a motion to vacate judgment. He apparently continued his representation; simply stated, the representation was not in accordance with appropriate standards expected of lawyers."

244

A judge's knowledge gained from involvement in a prior proceeding is not indicative of personal bias that would affect his participation in a later case stemming from the same set of facts. *State v. D'Ambrosio* (1993), 67 Ohio St.3d 185, 188, 616 N.E.2d 909, 913. What is dispositive here, however, is the fact that appellant did not file an affidavit of bias and prejudice with Ohio Supreme Court pursuant to R.C. 2701.03. Because appellant did not take advantage of the statutory remedy for disqualification, any alleged error was waived. See *State v. Cook* (Dec. 29, 1995), Hamilton App. No. C–950090, unreported, 1995 WL 763671. Appellant's first assignment of error is overruled.

In his second assignment of error, appellant argues that the trial court erred in granting appellee's motion for summary judgment because genuine issues of material fact exist in the case. Summary judgment is appropriate when there is no genuine issue of material fact, the moving party is entitled to judgment as a matter of law, and when viewing the evidence most strongly in favor of the non-moving party, reasonable minds could only come to a conclusion adverse to that party. *Bostic v. Connor* (1988), 37 Ohio St.3d 144, 146, 524 N.E.2d 881, 883–884.

To establish a cause of action for legal malpractice relating to civil matters, the plaintiff must show (1) an attorney-client relationship giving rise to a duty, (2) a breach of that duty, and (3) damages proximately caused by the breach. *Krahn v. Kinney* (1989), 43 Ohio St.3d 103, 105, 538 N.E.2d 1058, 1060–1061.

When a party fails to respond, without justification, to a properly served request for admissions, those matters to which the requests were addressed will be deemed admitted. Civ.R. 36; *Cleveland Trust Co. v. Willis* (1985), 20 Ohio St.3d 66, 67, 20 OBR 364, 367, 485 N.E.2d 1052, 1053–1054, certiorari denied (1986), 478 U.S. 1005, 106 S.Ct. 3295, 92 L.Ed.2d 710. "An admission arising by failure to respond to a request for admissions * * * is a 'written admission' for the purposes of Civ.R. 56(C)." [1] *T & S Lumber Co. v. Alta Constr. Co.* (1984), 19 Ohio App.3d 241, 244, 19 OBR 393, 396–397, 483 N.E.2d 1216, 1220.

Appellant's failure to respond to appellee's requests for admissions in this case resulted in appellant's unqualified admission that appellant represented appellee in the *Stroupe* case, that appellant failed to respond to the complaint, that appellee would have obtained a more favorable judgment had the complaint been answered, and that appellant breached his duty to appellee by failing to provide competent legal services, resulting in damages to appellee.

---

1. Civ.R. 56(C) provides that summary judgment should be granted where "the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact * * * show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."

These admissions conclusively establish that appellant's actions constituted legal malpractice by which appellee incurred damages. See *Cleveland Trust Co.*, 20 Ohio St.3d at 67, 20 OBR at 365, 485 N.E.2d at 1053–1054. There being no remaining material issues of fact for litigation, summary judgment became inevitable and was properly granted by the trial court in this case. See Civ.R. 56; *Bostic*, 37 Ohio St.3d at 146, 524 N.E.2d at 883–884. Appellant's second assignment of error is overruled.

Appellant argues in his third assignment of error that the trial court erred by granting damages to appellee for the property involved in the *Stroupe* case. Appellant contends that he had no duty to appellee to file an answer in the *Stroupe* case because he did defend by filing the motion to dismiss, which appellant claims was still pending when the trial court granted the default judgment. Appellant further contends that appellee cannot show damages because he still owns the property, since the deed was executed and delivered to a third party.

Appellant's argument that he was not required to answer the Stroupe complaint is noted. Even if appellant's claim had merit, appellant nevertheless failed to respond to that effect when the trial court gave him leave to file an answer to Stroupe's amended complaint. Appellant further failed to bring that argument to the court's attention in response to Stroupe's subsequent motion for a default judgment. In fact, appellant failed to answer the amended complaint or respond to the motion for default judgment at all. Appellant's admissions in this case established that his actions as Rafferty's counsel in the *Stroupe* case amounted to a breach of his duty to provide competent legal representation. See *Ward v. Hester & Continental Cas. Co.* (1973), 36 Ohio St.2d 38, 44, 65 O.O.2d 181, 184, 303 N.E.2d 861, 865, (default judgment is appropriate if the conduct of the party or counsel involves willful conduct, bad faith, or fault). Appellant's argument is therefore without merit.

As to the trial court's damages award, in an action for legal malpractice, a client is entitled to compensation for damages proximately caused by his attorney's malpractice. *Huffer v. Cicero* (1995), 107 Ohio App.3d 65, 75, 667 N.E.2d 1031, 1037. The default judgment in the *Stroupe* case resulted in Stroupe's prevailing over appellee in the action for restitution of the real estate. Evidence as to the real estate's value was taken at the trial on damages. No appeal was taken from the judgment in that case. In this malpractice action, the trial court found from appellant's failure to respond to the request for admissions that legal malpractice resulting in damages was established. There is competent, credible evidence in this case to support the trial court's determination that appellee was entitled to recover the value of the real estate as damages, and we

will not disturb that finding. See *id.* Appellant's third assignment of error is overruled.

■ Appellant argues in his fourth assignment of error that the trial court erred by not requiring expert testimony to establish appellant's legal malpractice. In an action for legal malpractice, expert testimony is required to establish professional standards of performance except where the breach of duty to a client is so obvious that it is within the ordinary knowledge and experience of laymen. *McInnis v. Hyatt Legal Clinics* (1984), 10 Ohio St.3d 112, 113, 10 OBR 437, 438, 461 N.E.2d 1295, 1296–1297; *Bloom v. Dieckmann* (1983), 11 Ohio App.3d 202, 203, 11 OBR 298, 298–299, 464 N.E.2d 187, 187–188.

■ In this case, the fact that appellant's conduct in representing appellee in the *Stroupe* case was a breach of duty that proximately caused appellee to incur damages became an unqualified admission by appellant's failure to respond to appellee's request for admissions. There being no factual issue, no expert testimony was necessary, and the trial court was able to conclude as a matter of law that appellant had engaged in legal malpractice. See *Hyatt,* 10 Ohio St.3d at 113, 10 OBR at 438, 461 N.E.2d at 1296–1297. Appellant's fourth assignment of error is overruled.

In his fifth assignment of error, appellant argues that the trial court erred by finding that appellant's actions in representing appellee in the *Stroupe* case proximately caused "appellee's dilemma." Appellant again argues that he had no duty to file an answer in the *Stroupe* case because he had filed a motion to dismiss in the municipal court that was not ruled on by the common pleas court prior to its entry of default judgment in favor of Stroupe in that case.

In determining appellee's motion for summary judgment, the trial court was entitled to rely on the admissions which were deemed admitted due to appellant's failure to respond. See *T & S Lumber,* 19 Ohio App.3d at 244, 19 OBR at 396–397, 483 N.E.2d at 1219–1220. One of those admissions was that appellee suffered damages as a proximate result of appellant's failure to file an answer in the *Stroupe* case. Appellant's admissions in this case left no issue to be determined as to proximate cause, and the trial court properly concluded as a matter of law that appellee's damages resulted from appellant's neglect in representation. Appellant's fifth assignment of error is overruled.

Appellant argues in his sixth assignment of error that the trial court erred in holding that appellee would have obtained a more favorable result in the *Stroupe* case. The trial court stated this conclusion as an "uncontroverted material fact" in the case, established by the admissions deemed admitted due to appellant's failure to respond. As we have discussed, the trial court was entitled to rely on those admissions for purposes of the motion for summary judgment and properly concluded that reasonable minds could only conclude that appellee would have

experienced a more favorable result in the *Stroupe* case had appellant not been negligent in representing his client. See *T & S Lumber*, 19 Ohio App.3d at 244, 19 OBR at 396–397, 483 N.E.2d at 1219–1220. Appellant's sixth assignment of error is overruled.

In his seventh assignment of error, appellant argues that the trial court erred in awarding attorney fees to appellee. The trial court determined that appellee's damages included the $6,081.47 in attorney fees reasonably incurred in prosecuting the Civ.R. 60(B) motion for relief from judgment in the *Stroupe* case.

As we stated earlier, a client is entitled to compensation for damages proximately caused by his attorney's malpractice. *Huffer*, 107 Ohio App.3d at 75, 667 N.E.2d at 1037. We will not reverse a trial court's damage award that is supported by competent, credible evidence. *Id.*

It was an admission in this case that appellee would have received a more favorable judgment in the *Stroupe* case if appellant had filed an answer in that case. It then would not have been necessary for appellee to retain new counsel to file a Civ.R. 60(B) motion in that case. The court's award of the attorney fees incurred in pursuing that motion as an element of appellee's damages is therefore supported by the record. See *Huffer*, 107 Ohio App.3d at 77, 667 N.E.2d at 1038–1039. Appellant's seventh assignment of error is overruled.

*Judgment affirmed.*

WILLIAM W. YOUNG and POWELL, JJ., concur.