This appeal arises out of a municipal court judgment dismissing Appellant's complaint for damages against Appellee. For the following reasons, this Court affirms the trial court judgment.
On September 16, 1996, Appellant filed a complaint against Appellee in the small claims division of Struthers Municipal Court seeking to recover $1,700.00 in medical and other expenses arising out of an alleged assault upon Appellant by Appellee. On October 18, 1996, the Struthers Municipal Court took evidence in the case and granted judgment in favor of Appellee and dismissed Appellant's complaint. On November 8, 1996, Appellant filed a notice of appeal pro se. On December 30, 1996, Appellee filed a motion to dismiss the appeal due to Appellant's failure to file a transcript of the lower court hearing. On February 5, 1997, Appellant filed a responsive brief contending that no transcript was necessary to review the appeal and incorrectly indicating that transcripts are not required in the appellate court.
In his pro se brief, Appellant presents essentially four issues for review. The first, second and third assignments involve allegations of partiality on the part of the trial court and suggest that the trial court did not consider the testimony of Appellant and his witnesses at trial. The third and fourth assignments request that this Court consider "newly discovered evidence" submitted to it that was not presented to the trial court. The assignments of error read as follows:
 "A JUDGE IS DISQUALIFIED TO PRESIDE IN THE TRIAL OF A CASE WHEN HIS RELATION TO THE PARTIES THEREIN OR TO THE SUBJECT-MATTER [sic] OF THE ACTION IS SUCH THAT A NATURAL INCLINATION TO PREJUDGE THE CASE ARISES THEREFROM. (NO. 22350--DECIDED MAY 13, 1931.)
 "THE JUDGE IGNORED THE TESTIMONY OR [sic] RONALD S. SEDLACKO AND JOSEPH J. SEDLACKO IN FINDING FOR THE DEFENDANT. THE ERROR WAS PREJUDICIAL AND IT PREVENTED THE PLAINTIFF RONALD S. SEDLACKO FROM RECEIVING JUSTICE. THE JUDGE SHOULD NOT HAVE PRESIDED IN THE CASE BECAUSE HE WAS BIASED, HE DEPOSED AND PREJUDGED THE SUBJECT MATTER. THE JUDGE ABUSED HIS DISCRETION AND ERROR CORRECTION IS NEEDED BY THE APPEALS COURT. IT WAS AN ERROR OF JUDGMENT.
 "THE TRIAL COURT IS WITHOUT POWER TO GRANT RELIEF UNDER OR [sic] 59 AND 60(B) [sic] PROPER PROCEDURES ARE FOLLOWED BY MOVING TO THE COURT OF APPEALS, FOR A NEW TRIAL. THE TRANSCRIPTS WERE REQUESTED AND SHOULD HAVE BEEN TRANSCRIBED. SINCE THE TRANSCRIPTS ARE NOT AVAILABLE THERE NEED ID [sic] DEPOSED. NEW EVIDENCE IS ALSO PRESENTED FOR REVIEW BY THE COURT OF APPEALS.
 "THE MAGISTRATE ABUSED HIS DISCRETION BY FINDING FOR THE DEFENDANT AND PREVENTED A FAIR TRIAL. A MOTION IS MADE FOR THE COURT OF APPEALS TO REVIEW THE NEWLY DISCOVERED EVIDENCE THAT FOLLOWS IN THIS BRIEF, AND SO CORRECT THE ERROR OF JUDGMENT."
It should be noted that no brief was filed on Appellee's behalf. While App. R. 18(C) permits us to accept Appellant's statement of the facts as true in such a situation and reverse the judgment if Appellant's brief reasonably appears to sustain such an action, we cannot do so in this case because Appellant presents facts and materials to this Court that were not before the trial court at the time that court made its ruling. Further, Appellant has failed to provide a transcript of the lower court proceeding granting judgment against him.
Pursuant to App. R. 12(A)(1)(b), this Court determines an appeal on its merits based upon only the following information: the assignments of error set forth in the appellate briefs, the record on appeal, and unless waived, information presented in oral argument. The Ohio Supreme Court has held that ". . . the Court of Appeals is bound by the record before it and may not consider facts extraneous thereto." Paulin v. Midland Mut. LifeIns. Co. (1974), 37 Ohio St.2d 109, 112. In State v. Ishmail,
the Ohio Supreme Court stated that "[s]ince a reviewing court can only reverse the judgment of a trial court if it finds error in the proceedings of such court, it follows that a reviewing court should be limited to what transpired in the trial court as reflected by the record made of the proceedings." (1978), 54 Ohio St.2d 402, 405-406. Thus, we cannot review any "newly discovered evidence" submitted by Appellant on appeal.
Additionally, all of the assignments of error set forth by Appellant require a review of the transcript of the lower court merits hearing to examine the conduct of the trial and the testimony and exhibits presented. Appellant has failed to provide a transcript of the trial court hearing so that this Court could review the matter in full. Pursuant to App. R. 9(B) and 10(A), it is the appellant's duty to order and provide a transcript to this Court. If the transcript was unavailable, Appellant could have filed alternatives to the transcript by filing a Statement of the Evidence or Proceedings under App. R. 9(C) or an Agreed Statement of the Record under App. R. 9(D). This was not done.
Absent an adequate record, this Court has held that a reviewing court is unable to evaluate the merits of Appellant's argument and a presumption of validity attends the trial court's actions. Kollar v. Canfield Automotive Repair Service
(Dec. 17, 1992), Mahoning App. No. 91 C.A. 82, unreported, quoting Volodkevich v. Volodkevich (1989), 48 Ohio App.3d 313,314. Thus, the trial court's decision to dismiss Appellant's complaint in this case is presumed valid.
Further, Appellant has waived his first assignment of error regarding disqualification of the judge because he failed to follow the proper procedure set forth in R.C. 2701.031 for disqualification of a municipal court judge for prejudice. SeeRafferty v. Scurry (1997), 117 Ohio App.3d 240, 244.
For the foregoing reasons, we find that the assignments of error advanced by Appellant are without merit. Accordingly, the trial court judgment is affirmed.
Hon. Cheryl L. Waite, Hon. Edward A. Cox, Hon. Gene Donofrio, JUDGES.
Cox, J., concurs.
Donofrio, P. J., concurs.
APPROVED:
 ---------------------- CHERYL L. WAITE, JUDGE