OPINION
Defendants-appellants, Joseph V. Messina and Messina Manufacturing Group, Ltd., appeal the decision of the Butler County Court of Common Pleas to award plaintiff-appellee, Kornylak Corporation, a $650,000 judgment as sanctions against appellants. We affirm the decision of the trial court.
Appellee manufactures industrial machines. On February 26, 1998, appellee filed a complaint against appellants for allegedly failing to comply with a contractual agreement concerning the purchase of two industrial machines, known as Panel Line Machines. The Panel Line Machines cost a total of $4,808,000. Count one alleged appellants failed to pay $650,000 of $700,000 owed as the initial deposit on the purchase price and this failure to pay constituted a default on the contract. Appellee sought the balance of the contract as damages. Count two sought $650,000 from appellants due to the fact the $650,000 check appellee received from appellants was dishonored upon presentment.
On July 10, 1998, appellee moved for partial summary judgment on count two of the complaint. Appellants opposed the motion. On August 25, 1998, the trial court issued a pretrial order for the case. The discovery cut-off date was January 12, 1999. The trial was scheduled for February 8, 1999.
On December 10, 1998, appellee served upon appellants' trial counsel "Plaintiff's First Set of Interrogatories and Requests for Production of Documents Addressed to Defendants" as well as requests for admission. Appellee requested a response by January 11, 1999,[1] which provided appellants with the mandatory minimum twenty-eight days to respond. See Civ.R. 33(A); Civ.R. 34(B). Appellants failed to respond in any way to the written discovery requests, including requesting an extension.
Appellants also failed to comply with Civ.R. 30, which allows for pretrial depositions. The parties, by agreement, scheduled the deposition of Joseph V. Messina for January 8, 1999 at 9:00 a.m. Appellants were served with notice of the deposition for Mr. Messina. Mr. Messina failed to appear for the deposition, which was rescheduled for Monday, January 18, 1999. Appellants' counsel appeared at that deposition, but Mr. Messina failed to appear. Mr. Messina did not inform his own counsel he could not attend the deposition until approximately one-half hour after the deposition was scheduled to begin. The parties agreed to reschedule the deposition to Friday, January 22, 1999. On January 21, 1999, Messina informed his trial counsel he could not attend the deposition scheduled for the next day. Mr. Messina agreed to be deposed on January 26, 1999, following the scheduled pretrial conference. However, on January 25, 1999, Mr. Messina sent a facsimile to appellee's President, Thomas Kornylak. The facsimile stated, in relevant part, that "I must apologize that I am unable to attend the pretrial and deposition in Ohio tomorrow. My business interests in Toronto make it impossible." Appellants did not file a pretrial statement or submit trial materials by January 19, 1999, as required by the court's pretrial order.
On February 3, 1999, appellee filed a motion for sanctions, five days before the scheduled trial. On the day and time of trial, February 8, 1999 at 9:00 a.m., appellants' counsel informed the court Mr. Messina was on a plane traveling to Cincinnati. The trial court continued the proceedings until 1:30 p.m. At 1:30 p.m., Mr. Messina had arrived and the court addressed appellee's motion for sanctions. Mr. Messina testified that he did not respond to the written discovery because he was "used to giving an affidavit[2] and provided everything with my affidavit" and felt the discovery requests were "repetitious." When asked why he was late for court, Mr. Messina testified that he had "missed the first flight" and had been sick with the flu.
After hearing Mr. Messina's testimony, the trial court concluded that appellants' had failed to comply with requests for discovery, provide any pretrial statement or trial materials. Regarding appellant's conduct, the court stated that "I can accept the fact that this perhaps is not a case of intentional misconduct. But even neglect of a legal responsibility I think is sufficient for this court to impose sanctions." In addition, the court stated that, by failing to respond to requests for admission, appellee had admitted all the issues in the requests for admission. Particularly, the trial court noted "the admission that the defendant owes the plaintiff the amount of the check attached to the complaint as Exhibit A, which of course, is the check at question." The court ordered judgment entered in favor of appellee in the amount of $650,000. From this decision, appellants filed a timely notice of appeal and present two assignments of error for our review:
Assignment of Error No. 1:
 THE TRIAL COURT ERRED AND ABUSED IT'S [SIC] DISCRETION IN GRANTING APPELLEE'S REQUESTS FOR ADMISSIONS TO APPELLANTS AS ADMITTED.
It is settled that "[w]hen a party fails to respond, without justification, to a properly served request for admissions, those matters to which the requests were addressed will be deemed admitted." Rafferty v. Scurry (1997), 117 Ohio App.3d 240, 244, citing Civ.R. 36; Cleveland Trust Co. v. Willis (1985), 20 Ohio St.3d 66,67. "A request for admission can be used to establish a fact, even if it goes to the heart of the case." Cleveland Trust
at 67. It is undisputed that appellants failed to comply with appellee's discovery requests for admissions. Appellants offer two arguments in response: (1) appellants denied some of the same issues in their response to appellee's motion for summary judgment and (2) some of the admissions call for legal conclusions which are improper under Civ.R. 36.
The first argument is unavailing. The fact that appellants denied similar issues in response to appellee's motion for summary judgment does not alleviate the responsibility to promptly comply with discovery requests, including requests for admission. We also do not believe the requests for admission were improper. Upon reviewing the questions, we find that they address factual issues in the case. The fact that some of the questions pertain to the ultimate issue of count one of the complaint does not render them improper. Cleveland Trust at 67. Appellants claim the fifth request for admission improperly asks for a legal conclusion. The admission states "Admit that defendant Joseph V. Messina owes plaintiff the amount of the check attached to the Complaint as Exhibit "A." The case that appellants cite for the proposition that an admission must not ask for a legal conclusion,Faxon Hills Construction Co. v. United Brotherhood of Carpenters
(1958), 168 Ohio St. 8, does not address requests for admission in discovery. Faxon Hills concern allegations in a pleading, particularly charges filed with the National Labor Relations Board, and does not implicate Civ.R. 36. Even if Faxon Hills was relevant, we do not believe question five is improper. It can best be characterized as "the application of law to fact," which can be asked pursuant to a request for admission. Civ.R. 36(A). Therefore, the first assignment of error is overruled.
Assignment of Error No. 2:
 THE TRIAL COURT ABUSED IT'S [SIC] DISCRETION BY GRANTING HARSH AND EXCESSIVE SANCTIONS AGAINST APPELLANT.
In the second assignment of error, appellants argue that the sanctions imposed by the trial court were excessive and, therefore, an abuse of discretion. We disagree. By repeatedly failing to respond to discovery and other pretrial obligations, the trial court was entitled to conclude that harsh sanctions were appropriate. As noted, by failing to respond to the requests for admission, the trial court properly deemed the requests for admission proven. Those facts proved the first count of the complaint concerning the dishonored $650,000 check. Considering these two factors, the trial court awarded appellee $650,000 in sanctions.
Despite appellants' argument, a default judgment was never entered against appellants. Even if the trial court's ruling could be considered the equivalent of a default judgment, the trial court's ruling was within its discretion. Although the trial court acknowledged appellants' actions may not have been intentional, the record provides numerous examples from which the trial court could have concluded that appellants willfully or in bad faith disregarded the unequivocal pretrial order. See Civ.R. 37(B)(2)(C); Toney v. Berkemer (1983), 6 Ohio St.3d 455. Thus, the second assignment of error is overruled.
Judgment affirmed.
YOUNG and WALSH, JJ., concur.
[1] The pleading stated January 11, 1998, but appellee does not claim any confusion in this regard.
[2] Mr. Messina is apparently referencing his affidavit, which was attached to appellants' response to appellee's motion for summary judgment.