DECISION AND JUDGMENT ENTRY
This case is on appeal from the June 2, 1998 judgment of the Lucas County Court of Common Pleas, which granted summary judgment to appellees, Gordon H. Hirsch and Alan Kirshner, individually, and their respective law firms, Hirsch and Osnowitz and Chabler and Kirshner. The court dismissed with prejudice the complaint of appellants, James E. Murphy and Joni Dale (Hertzfeld) Kaiser. On appeal, appellants assert the following assignments of error:
 "1. THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT BECAUSE EXPERT TESTIMONY IS NOT A PER S.E. REQUIREMENT UNDER OHIO LAW.
 "2. EVEN IF EXPERT TESTIMONY WERE NECESSARY, THE TRIAL COURT'S DECISION WAS PROCEDURALLY PREMATURE.
 "3. THE TRIAL COURT ERRED IN GRANTING THE DEFENDANTS [SIC] MOTION FOR SUMMARY JUDGMENT BECAUSE THE EVIDENCE PRESENTED REQUIRED AN EVALUATION OF THE CREDIBILITY OF TESTIMONY.
 "4. THE TRIAL COURT ERRED IN GRANTING THE DEFENDANTS [SIC] MOTION FOR SUMMARY JUDGMENT BECAUSE GENUINE ISSUES OF MATERIAL FACT WERE IN DISPUTE AND SHOULD PRECLUDE THE OPERATION OF THE STATUTE OF LIMITATIONS."
Appellants filed suit on March 14, 1997 against appellees asserting a claim of legal malpractice during a prior civil action. Appellants asserted that appellees "negligently represented appellants, negligently failed to vigorously pursue discovery requests, and on one occasion negligently failed to file for sanctions against opposing counsel for non-production" and that appellees negligently dismissed appellants' cross-claim against the First Federal Savings and Loan Association of Delta. Appellees filed counterclaims to recover unpaid legal fees.[1]
On May 13, 1997, appellees filed for summary judgment in their favor on the legal malpractice claim. They asserted that appellants' complaint is barred by the one-year statute of limitations and that there is no evidence in the record that appellees deviated from the reasonable standards of professional care during their representation of appellants.
In support of their motion, they submitted the affidavit of appellee Kirshner. He attested, in pertinent part, to the fact that neither he nor appellee Hirsch deviated from the acceptable standards of care during their representation of appellants during the period of October 15, 1995 through March 5, 1996.
Appellants opposed the motion for summary judgment but only addressed the statute of limitations issue. They submitted their own joint affidavit attesting to the fact that appellees negligently represented appellants.
Appellees responded by arguing that appellants had failed to present any evidence by an expert witness that appellees had been negligent. Therefore, they contend that they were entitled to summary judgment. Appellees submitted an additional affidavit of appellee Hirsch, who attested to his version of certain factual events raised by appellants in their affidavit.
In its June 2, 1998 judgment entry, the trial court granted summary judgment to appellees solely on the ground that appellants had failed to present any expert witness evidence to support their claim of legal malpractice. Appellants' first three assignments of error address this issue. Appellants assert that appellees were not entitled to summary judgment for three reasons.
First, appellants contend that the trial court erred by finding that they needed to present expert evidence of legal malpractice when faced with a motion for summary judgment. The legal basis for their argument is that the legal malpractice in this case could be easily recognized by the jury.
Generally, expert testimony is needed to establish the standards of acceptable legal representation in the community to support a claim that the defendant breached those standards. However, it is not needed where the attorney's duty and breach of duty are such that they are within the ordinary knowledge or experience of lay persons or may be determined as a matter of law.McInnis v. Hyatt Legal Clinics, Inc. (1984), 10 Ohio St.3d 112
(directed verdict properly denied because there was no need for expert evidence); Rafferty v. Scurry (1997), 117 Ohio App.3d 240,244-245 (expert witness not necessary where the facts are established by an attorney's admissions); and Bloom v. Dieckmann
(1983), 11 Ohio App.3d 202, 203 (summary judgment is appropriate if there is no expert evidence regarding the attorney's duty).
In this case, appellants responded to appellees' motion for summary judgment by presenting their own affidavit of the negligent actions of appellees: that appellees failed to present evidence that would have proven to the jury that the opposing party's evidence was false; failed to object to hearsay testimony; failed to obtain an order prohibiting the introduction of an expert witness's engineering drawings which had not been produced during discovery; failed to obtain the original photographs taken by the opposing party; failed to object to improper remarks during closing arguments; failed to adequately question witnesses; failed to challenge false testimony; pursued summary judgment on a lien issue that was irrelevant to the case; failed to pursue a cross-claim; failed to fully present evidence to support appellants' fraud claim; failed to object to leading questions; failed to subpoena a favorable witness to testify; reduced the compensatory damage demand without consulting with appellants; failed to ask appellants if they wished for trial to continue in their absence; and they failed to inform appellants that Murphy's testimony was needed and to obtain it through deposition. They also alleged other actions that would constitute a breach of contract or fraud rather than malpractice.
We agree with the trial court that none of these matters can be proven without the use of expert witness testimony. Furthermore, since appellants failed to present such evidence, summary judgment was appropriate. Appellants cannot substitute for expert witnesses who have specialized knowledge of the duties of an attorney in the community.
Second, appellants argue that the trial court erred by giving appellees' affidavits more weight than appellants' joint affidavit. We disagree. The trial court did not weigh any evidence. It merely held that appellants failed to present any evidence to support its claim.
Third, appellants argue that they should have been given extra time to produce expert witness evidence. We disagree. It is an established rule that once a party's claim has been properly challenged by a motion for summary judgment, it is the duty of the nonmoving party to present some evidence in response to support their claim and avoid summary judgment. Vahila v. Hall (1997),77 Ohio St.3d 421. There is no excuse for appellants' failure to meet this duty.
Appellants' first, second, and third assignments of error are not well-taken.
In their fourth assignment of error, appellants argue that the trial court should not have granted summary judgment because there were issues of fact regarding the issue of whether the statute of limitations had expired.
We need not reach this issue because the trial court did not grant summary judgment on this basis. Furthermore, we have already concluded that the trial court's decision to grant summary judgment on the basis that appellants were unable to establish their claim by expert witness evidence was proper. Therefore, any discussion of this issue would be purely advisory. Appellants' fourth assignment of error is not well-taken.
Having found that the trial court did not commit error prejudicial to appellants, the judgment of the Lucas County Court of Common Pleas is affirmed. Pursuant to App.R. 24, appellants are hereby ordered to pay the court costs incurred on appeal.
JUDGMENT AFFIRMED.
James E. Murphy, et al. v. Gordon H. Hirsch, et al., C.A. No. L-99-1086.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
 _______________________________ Peter M. Handwork, J.
 Richard W. Knepper, P.J., Mark L. Pietrykowski, J., CONCUR.
[1] An immediate appeal of the dismissal of the complaint was permitted by the trial court's order of February 19, 1999 and Civ.R. 54(B).