[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY. {¶ 1} This appeal is considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct.R.Rep.Op. 3(A).
 {¶ 2} In June 2002, plaintiff-appellee Discover Bank ("Discover") filed a complaint against defendants-appellants Deborah and Phillip Mink for breach of a contract as a result of their alleged failure to make the minimum monthly payment required under a credit-card agreement.
 {¶ 3} In July, the Minks filed a motion for reasonable accommodations under the Americans with Disabilities Act ("ADA"). The Minks requested that reasonable accommodations be made for Phillip due to his alleged disability. Specifically, they requested permission for Phillip not to appear in person at any court proceeding, and to make available to him a live video and audio connection for any of the proceedings.
 {¶ 4} On August 1, 2002, Discover sent interrogatories, a request for admissions, and a request for production to Deborah and Phillip Mink. The Minks filed a motion for an extension of time to respond to the interrogatories, the request for production of documents, and the request for admissions. The trial court granted the motion and gave the Minks until September 30, 2002, to respond.
 {¶ 5} On September 3, 2002, the trial court denied the Minks' motion for a reasonable accommodation of Deborah and ordered Phillip to show that he was disabled and that his disabilities fell within the purview of the ADA before reasonable accommodations would be made for him. The court ordered Phillip to produce the following on or before September 30, 2002: "(1) Medical certification as to the existence and nature of his disability and evidence that he is an `individual with a disability' within the meaning of the ADA; (2) A statement as to why Defendant Mink is unable to participate in the court proceedings; and (3) Evidence substantiating the manner in which Mr. Mink is being denied the opportunity to participate in the court proceedings."
 {¶ 6} On September 19, 2002, the Minks filed a motion to seal the record concerning Phillip's alleged disability. On September 30, 2002, the Minks filed a request for additional time to comply with the court's order to show cause under the ADA. The Minks requested the extension to retrieve Phillip's records from the Social Security Administration and to confirm that he had met the elements under the ADA for his disability. The Minks attached a form from the Social Security Administration, dated September 12, 2002, which indicated that the information would not be available before October 5, 2002.
 {¶ 7} In October, Discover filed two motions: (1) a motion to compel the Minks to answer the first set of interrogatories and the request for production of documents, and (2) a motion for summary judgment. In support of the summary-judgment motion, Discover asserted that there was no issue in dispute due to the Minks' failure to reply to the request for admissions (which had been filed on August 1, 2002), which rendered the facts sought admissible under Civ.R. 36.
 {¶ 8} On October 25, 2002, the trial court granted several motions. First, the court gave the Minks additional time to produce the requested documentation of Phillip's disability by extending the time to produce the documentation until November 15, 2002. Second, the court granted the Minks' request to seal Phillip's medical records once they were submitted. Third, the trial court continued the extension of time to respond to Discover's interrogatories, the request for production of documents and the request for admissions, and the court set a hearing on the motion to compel discovery for December 17, 2002. Finally, the trial court ordered that a hearing on the motion for summary judgment be held on December 17, 2002.
 {¶ 9} On October 30, 2002, the Minks filed a second motion to extend time to respond to the "show cause order" because they had not yet received the necessary information from the social security office. On December 18, 2002, the trial court denied the Minks' motion for reasonable accommodations due to their failure to provide documentation of Phillip's disability. The Minks filed an objection. In support of their objection, the Minks attached a letter dated September 9, 2002, in which Dr. Henry Kenkel stated that in February 19, 1994, Phillip was unable to leave his house and that, according to a conversation he had had with Phillip, Phillip was still unable to leave the house.
 {¶ 10} On December 27, 2002, the trial court granted summary judgment in favor of Discover and ordered Phillip and Deborah Mink to pay Discover $5,376.94 plus interest at the rate of 19.8% from April 30, 2002. This appeal followed.
 {¶ 11} The Minks bring forth two assignments of error. In the first assignment of error, they contend that the trial court erred in not making reasonable accommodations under the ADA. In the second assignment of error, the Minks claim that they were denied due process under the law. We address these assignments together.
 {¶ 12} Initially we note that the issue of reasonable accommodations under the ADA is irrelevant here. This appeal arose from the trial court's entry granting summary judgment to Discover for the Minks' failure to respond to the admissions. Thus, the trial court's order denying Phillip Mink reasonable accommodations was not outcome-determinative. But even if the issue of reasonable accommodations were properly before us, we would conclude that the Minks failed to properly demonstrate that Phillip suffered from a disability and was entitled to the protections provided under the ADA. The trial court specifically asked for certain documentation of Phillip's alleged disability, the trial court extended the time in which to respond to the order, and the trial court ordered that the information be sealed to protect Phillip's privacy. It is clear from the record that the trial court gave the Minks ample opportunity to comply with the court's order.
 {¶ 13} We now proceed with our analysis of whether the trial court properly granted summary judgment to Discover. Under Civ.R. 56(C), an order granting summary judgment will be upheld where there remains no genuine issue of material fact, the moving party is entitled to judgment as a matter of law and, with the evidence viewed most strongly in favor of the non-moving party, reasonable minds could only arrive at a conclusion adverse to that party.[1] Such an order should be evaluated upon a review of all evidence properly before the court, including written admissions.[2] It is well established that the failure to respond to an admission results in an admission by default pursuant to Civ.R. 36(A), and that such an admission is deemed a written admission competent to support a motion for summary judgment.[3]
 {¶ 14} The Minks were given two sets of admissions on August 1, 2002. The admissions related to genuine issues set forth in the complaint, particularly Deborah and Phillip Mink's failure to pay the discover card bill despite receiving monthly statements. The Minks did not respond or object to the admissions, despite two continuances. The Minks' failure to respond to Discover's requests for admissions resulted in the Minks' unqualified admissions to the allegations contained in the complaint. Although the Minks were proceeding pro se, they were subject to the same rules as counsel, and they accordingly "must accept the results of their own mistakes and errors."[4] Because Phillip and Deborah Mink admitted to all of the allegations in the complaint, there remained no material issue of fact for litigation, and Discover was entitled to judgment as a matter of law. Accordingly, we hold that the trial court properly granted summary judgment in its favor.
 {¶ 15} We, therefore, overrule the first and second assignments of error and affirm the judgment of the trial court.
 {¶ 16} Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Sundermann, P.J., Gorman and Winkler, JJ.
[1] See Temple v. Wean United, Inc. (1977), 50 Ohio St.2d 317,327, 364 N.E.2d 267.
[2] See Civ.R. 56(C).
[3] See Rafferty v. Scurry (1997), 117 Ohio App.3d 240, 244,690 N.E.2d 104.
[4] Meyers v. First Natl. Bank of Cincinnati (1981), 3 Ohio App.3d 209,210, 444 N.E.2d 412.