[Cite as *Terry v. Bell*, 2021-Ohio-4235.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

Amber Terry

      Appellant

v.

Michael D. Bell, et al.

      Appellees

Court of Appeals No.  L-21-1057

Trial Court No.  CI0201902609

**DECISION AND JUDGMENT**

Decided:  December 3, 2021

* * * * *

Gene P. Murray, for appellant.

Adam S. Nightingale and Robert J. Gilmer, Jr., for appellees

* * * * *

**OSOWIK, J.**

{¶ 1} This is an appeal from a November 17, 2020 judgment of the Lucas County
Court of Common Pleas, granting summary judgment to appellees, attorney Michael D.
Bell ("Bell") and the law firm of Gallon, Takacs, Boissoneault & Schaeffer Co., LPA
("Gallon") on legal malpractice claims filed against them by Amber Terry ("appellant").

{¶ 2} Appellant's legal malpractice claim is rooted in the professional legal judgment of Bell, appellant's medical-malpractice plaintiff's counsel, to file a Civ.R. 41(A) voluntary dismissal of appellant's medical malpractice case after determining, following several years of conducting discovery, that the evidence procured did not support the merits of the case to warrant proceeding further with the litigation.

{¶ 3} Significant to our consideration of this appeal, the Civ.R. 56(C) summary judgment supporting expert opinions and other supporting admissible evidence submitted in this case were furnished solely by appellees. Appellant submitted no expert opinion in support of her legal malpractice claims, and submitted no other admissible summary judgment rebuttal evidence.

{¶ 4} Appellees' summary judgment expert opinions concluded, in tandem, that there was no breach in the standard of medical care given to appellant in the underlying medical malpractice case, concurring with Bell's assessment of the case, and consistently concluded, that there no breach in the standard of legal care furnished by appellees in their handling of the case.

{¶ 5} In support of their Civ.R. 56(C) summary judgment motion, appellees submitted the supporting affidavit of Dr. Timothy McKenna ("McKenna"). McKenna attested, in relevant part, "[B]ased upon a reasonable degree of medical certainty, that *the medical services provided to [appellant] * * * were in all respects proper and performed in accordance with accepted standards of medical care.*" (Emphasis added).

2.

{¶ 6} In conjunction, appellees submitted the supporting affidavit of Bell. Bell attested, in relevant part, "Throughout the investigation and litigation process * * * I advised them of the difficult nature of the case on numerous occasions * * * *[F]ollowing the depositions  * * * I further advised [appellant] that based upon developments in these depositions, her case should not be further litigated * * * We voluntarily dismissed.*" (Emphasis added).

{¶ 7} Bell's affidavit concluded that, "[T]o a reasonable degree of certainty, that *the legal services I provided to [appellant] * * * were in all respects proper and performed in accordance with accepted standards of care.*" (Emphasis added).

{¶ 8} In additional support of summary judgment, appellees submitted the deposition testimony of Dr. Penelope Mashburn, containing unrefuted testimony likewise problematic to the merits of appellant's underlying medical malpractice case.

{¶ 9} Conversely, appellant submitted no expert opinions, or any other admissible evidence, supporting their legal malpractice claims, supporting the medical malpractice claims upon which the legal malpractice claims were predicated, or rebutting appellees' motion for summary judgment.

{¶ 10} For the reasons set forth more fully below, this court affirms the judgment of the trial court.

{¶ 11} Appellant, Amber Terry, sets forth the following assignment of error:

3.

ABUSING ITS DISCRETION, THE TRIAL COURT ERRED IN GRANTING THE SUMMARY JUDGMENT MOTION OF [APPELLEES], BY DISREGARDING THE FACT THAT [APPELLEES] BREACHED THEIR DUTIES OWED TO [APPELLANT], UNDER BOTH THE ATTORNEY-CLIENT CONTRACT AND IN TORTIOUS NEGLIGENCE * * * NO EXPERT TESTIMONY IS NEEDED TO DETERMINE SAME.

{¶ 12} The following undisputed facts are relevant to this appeal. On October 31, 2014, appellant went to the emergency room at Mercy Tiffin Hospital ("Tiffin") complaining of severe abdominal pain. In response to examination by emergency medical providers, a diagnostic laparoscopy, lysis of adhesions, and a right salphingectomy were performed on an emergency basis.

{¶ 13} The crux of this case, as will be discussed in detail below, concerns the mistaken, initial belief by medical providers at Tiffin that appellant's appendix had been removed during the Tiffin surgery.

{¶ 14} Rather, an infected epiploic appendage had been removed. However, the removal of the infected appendage was medically indicated, was covered by consent forms, and a CT scan later showed that appellant's abdominal conditions did not include acute appendicitis.

4.

{¶ 15} On November 5, 2014, appellant was transferred to Mercy St. Vincent Medical Center ("St. Vincent") in Toledo to address an unresolved post-operative ileus, an inability of the bowels to properly evacuate waste, which can occur following an abdominal surgery.

{¶ 16} On November 7, 2014, appellant underwent a small bowel resection, drainage of abdominal abscesses, appendectomy, and other procedures relative to appellant's serious abdominal issues.

{¶ 17} On November 8, 2014, appellant underwent an abdominal wall closure. Appellant remained in-patient at St. Vincent and underwent necessary follow-up care. Appellant was discharged from St. Vincent on November 29, 2014.

{¶ 18} On December 8, 2014, ten days after her release from St. Vincent, appellant engaged the services of Gallon for consideration of potential medical malpractice claims relative to appellant's recent medical care.

{¶ 19} On November 4, 2015, Bell filed a medical malpractice suit against Mercy Medical Partners and one of the treating physicians from Mercy Tiffin, Dr. Penelope Mashburn ("Mashburn"). The discovery process commenced.

{¶ 20} On February 17, 2016, the case was voluntarily dismissed. On February 17, 2017, Bell refiled the matter and resumed conducting discovery in the case. On January 23, 2018, Bell conducted the key deposition of Mashburn, a treating surgeon at Tiffin and a named defendant in the litigation.

{¶ 21} Mashburn's deposition testimony showed that during the course of the November 4, 2014 Tiffin surgery, infected, inflamed tissue, known as an epiploic appendage, was removed, rather than the appendix itself. This was disclosed by Mashburn to appellant and her husband. Appellant denies any recollection of the disclosure by Mashburn. The record shows that appellant's medical malpractice action was initiated shortly after Mashburn's disclosure.

{¶ 22} A CT scan performed post-operatively upon appellant at Tiffin in response to concerns pertaining to appellant's white blood cell count revealed to Mashburn that the appendix had not been removed.

{¶ 23} Rather, an infected protrusion, known as an epiploic appendage, was removed. The removal was medically indicated, despite the initial confusion. The CT scan further showed that the patient's multiple, serious abdominal conditions did not include acute appendicitis.

{¶ 24} The Mashburn deposition testimony established that potential common occurrences during the course of an abdominal surgery, such as the removal of other infected tissue structures observed and medically indicated once the surgery commenced, but not originally known pre-operatively, were encompassed by appellant's surgical consent forms.

{¶ 25} Following Bell's completion of discovery, including obtaining and reviewing extensive medical records and conducting depositions, none of which

6.

produced the supporting evidence of breach of the standard of medical care needed in order to proceed further with the litigation, Bell advised appellant of the evidentiary shortfalls and his subsequent professional judgment that the case could not continue to be litigated.

{¶ 26} As attested by Bell in his affidavit, "Throughout the investigation and litigation process * * * *I advised them of the difficult nature of the case on numerous occasions.  Additionally, following the depositions of Ms. Terry and Dr. Mashburn * * * I advised Ms. Terry that based upon developments in those depositions, her case could not be further litigated*."  (Emphasis added).

{¶ 27} Accordingly, following discovery, Bell exercised his independent, professional legal judgment, and concluded that the case was not able to be pursued for evidentiary reasons.  On June 1, 2018, the case was voluntarily dismissed for the second time. Civ.R. 41(A)(1)(b).

{¶ 28} On May 29, 2019, appellant filed a legal malpractice claim against Bell and the Gallon Law Firm.  Specifically, appellant stated that, although Bell advised her of the 2018 dismissal, and had discussed it with her, she did not, "knowingly, voluntarily, nor intelligently consent," to the June 1, 2018 voluntary dismissal.

{¶ 29} Appellant mistakenly implies that Crim.R. 11(C) felony criminal change of plea colloquy requirements should be construed to encompass and similarly require a lay

7.

legal client's concurrence, in accord with the CrimR. 11(C)(2) standards, to effectuate a valid Civ.R. 41(A) voluntary dismissal of civil cases by legal counsel.

{¶ 30} Appellant furnishes no legal authority in support of such a sweeping notion. This is unsurprising given that such a scheme would undermine the ability of attorneys to properly exercise their independent professional judgment in making Civ.R. 41(A) dismissal determinations, in effect, granting lay clients veto power over the legal judgments of their attorneys in Civ.R. 41(A) determinations.

{¶ 31} On August 28, 2019, the trial court issued a case management order in appellant's legal malpractice suit. The order required that all expert witness disclosures be made on or before January 6, 2020. Appellees disclosed three expert witnesses. Appellant disclosed no expert witnesses.

{¶ 32} On April 29, 2020, appellees filed for summary judgment. In support, appellees asserted that appellant had not established any breach in the duty of legal care in her representation by appellees.

{¶ 33} In conjunction, appellees furnished supporting legal and medical expert affidavits concluding that no breach occurred in the duty of legal care by appellees, and, consistent with the decision to dismiss the underlying medical malpractice case, no breach in the standard of medical care had occurred during the course of appellant's medical treatment.

{¶ 34} In response, appellant's opposition offered no expert testimony and no other admissible Civ.R. 56 summary judgment rebuttal evidence regarding either the legal malpractice claims, or the related medical malpractice claims.

{¶ 35} On November 17, 2020, the trial court determined that appellant had failed to demonstrate a genuine issue of material fact regarding the alleged breach in the duty of legal care by appellees, and granted summary judgment to appellees. This appeal ensued.

{¶ 36} In the single assignment of error, appellant asserts that the trial court erred in granting summary judgment to appellees. We do not concur.

{¶ 37} Civ.R. 56(C) establishes, "Summary judgment shall be rendered forthwith if * * * there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."

{¶ 38} In conjunction, it is well-established that appellate court review of disputed summary judgment determinations is conducted on a de novo basis. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 1996-Ohio-336.

{¶ 39} As elaborated in *Drescher v. Burt*, 75 Ohio St.3d 280, 662 N.E.2d 264 (1996), the moving party must, "Identify those portions of the record that demonstrate the absence of a genuine issue of material fact on the essential elements of the nonmoving party's claims." In response, the non-moving party then, "*has a reciprocal burden * * * to set forth specific facts showing that there is a genuine issue for trial.*" *Id*. (Emphasis added).

9.

{¶ 40} In support of their summary judgment filing, appellees submitted various admissible summary judgment evidence, including the expert legal and medical opinions and testimony of Bell, McKenna, and Mashburn, all supporting appellees' summary judgment position that appellant failed to establish any breach in the duty of legal care by appellees to appellant.

{¶ 41} The supporting affidavit of appellee Bell attested that, "Throughout the investigation and litigation process, I communicated my thoughts to the Terrys, and I advised them of the difficult nature of the case on numerous occasions."

{¶ 42} It further averred that, "*Following the depositions of Ms. Terry and Dr. Mashburn, I further advised Ms. Terry that based upon developments in those depositions, her case should not be further litigated. Based on this opinion and advice, we voluntarily dismissed.*" (Emphasis added).

{¶ 43} It determined, in relevant part, "Based upon my experience, training, and knowledge as an attorney, my conversations with the Terrys, my review of the records, and the discovery in this case, it is my opinion, to a reasonable degree of certainty, that the legal services which I provided to Ms. Terry * * * were in all respects proper and performed in accordance with accepted standards of care."

{¶ 44} In conjunction with the Bell summary judgment affidavit, we note that, "*[A] defendant in a legal malpractice action may testify regarding whether he or she met the applicable standard of care, independent expert testimony on that issue is not*

10.

*required.*" *Vahdati'bana v. Scott R. Roberts & Assoc. Co.*, 10th Dist. Franklin No. 07-AP-581, 2008-Ohio-1219, ¶ 31. (Emphasis added).

{¶ 45} Further, such an affidavit is sufficient to satisfy the Civ.R. 56(C) movant's initial summary judgment burden, which then shifts the burden to rebut to the non-movant. Thus, the non-movant must then furnish evidence demonstrating that a material issue of fact still exists regarding the non-movant's claim that the movant breach the duty of legal care. *Schottenstein, Zox & Dunn, LPA v. C.J. Mahan Const. Co., LLC*, 10th Dist. Franklin No. 08-AP-851, 2009-Ohio-3616, ¶ 25.

{¶ 46} Again, the record reflects that appellant furnished no expert opinions, or any other admissible summary judgment rebuttal evidence.

{¶ 47} As discussed above, a lay client's subjective disagreement with their legal counsel's Civ.R. 41(A) professional legal judgment on the merits of their civil case, however genuinely felt, does not constitute a Civ.R. 56(C) summary judgment genuine issue of material fact. Crim.R. 11(C)(2) does not apply to, or require a lay client's consent to, an attorney's professional Civ.R. 41(A) legal judgment.

{¶ 48} In addition to the Bell affidavit, the supporting summary judgment affidavit of McKenna, a physician and medical expert witness, concluded with respect to the underlying medical malpractice complaint which underpins this legal malpractice appeal, "[B]ased upon a reasonable degree of medical certainty, that the medical services

11.

provided to Ms. Terry * * * *were in all respects proper and performed in accordance with accepted standards of medical care*." (Emphasis added).

{¶ 49} As such, McKenna's affidavit provides further support to the veracity of Bell's Civ.R. 41(A) determination.

{¶ 50} In further support of summary judgment, appellees also submitted the deposition transcript of Mashburn. The detailed medical testimony set forth in the deposition of Mashburn consistently reflects the existence of considerable evidentiary issues, adverse to appellant, in the underlying medical malpractice matter.

{¶ 51} Mashburn's deposition testimony reflected that the specific medical issues raised by appellant in the medical malpractice action were encompassed in appellant's surgical consent forms.

{¶ 52} When Bell asked Mashburn during her deposition about appellant's claims pertaining to small bowel issues, Mashburn testified, "[I]t is a known complication of an appendectomy. *Of all surgeries that include the bowel, and if you look at her consent form, it is there.*" (Emphasis added).

{¶ 53} When Bell further inquired of Mashburn regarding the removal of the infected epiploic appendage at Tiffin, rather than the appendix, he questioned, "Removal of other structures is not a known complication of an appendectomy, though, is it?" Mashburn testified, "*And all other indicated procedures is in the consent form.*" (Emphasis added).

12.

{¶ 54} Bell made further inquiry, "Are you critical of any of the physicians involved in [appellant's] care?" Mashburn replied, "I am not."

{¶ 55} Conversely, in support of her opposition to granting summary judgment in favor of appellees, appellant misguidedly relied upon the affidavit of merit of Dr. Christian Hirsh, which accompanied the original filing of appellant's medical malpractice complaint. However, such evidence is not admissible summary judgment rebuttal evidence.

{¶ 56} As established by Civ.R. 10(D)(2)(d), "An affidavit of merit is required to establish the adequacy of the complaint *and shall not otherwise be admissible as evidence* or used for purposes of impeachment." (Emphasis added).

{¶ 57} As unequivocally held in *Schura v. Marymount Hosp.*, 8th Dist. Cuyahoga No. 94359, 2010-Ohio-5246, ¶ 28, "*[T]he affidavit of merit is for purposes of filing a medical malpractice claim only and is not otherwise to be used as admissible evidence. Thus, it cannot be used as summary judgment evidence.*" (Emphasis added).

{¶ 58} In our consideration of this appeal, we are also mindful that, "It is well-settled in Ohio that in order to prevail on a legal malpractice claim, a plaintiff must demonstrate through expert testimony, by preponderance of the evidence, that the representation of the attorney failed to meet the prevailing standard of care, and that the failure proximately caused damage or loss." *Nu-Trend Homes, Inc. v. Law Offices of*

13.

*DeLibera, Lyons & Bibbo*, 10th Dist. Franklin No. 01-AP-1137, 2003-Ohio-1633, ¶ 35. Again, appellant had no expert witness in support of the legal malpractice claim.

{¶ 59} Appellant argues that the absence of expert testimony supporting her claims of legal malpractice should not be fatal to the case as the alleged legal malpractice is, "[S]o obvious that it may be determined as a matter of law, and therefore not requiring [appellant] to provide expert legal testimony to prove her case of legal malpractice."

{¶ 60} In a narrow range of legal malpractice cases, supporting expert testimony on behalf of the plaintiff is not required if the facts reflect that the nature of the alleged duty and breach is such that it falls within the ordinary knowledge or experience of lay persons or may be determined as a matter of law. *McInnis v. Hyatt Legal Clinics*, 10 Ohio St.3d 112, 461 N.E.2d 1295 (1984). *See Rafferty v. Scurry*, 117 Ohio App.3d 240, 690 N.E.2d 104 (1997) (expert witness was not necessary where the facts were established by the attorney's own admissions).

{¶ 61} It is undisputed that in the instant case appellees performed several years of discovery and depositions, before ultimately concluding, based upon his professional evaluation of the substantive results of the discovery process, that appellant's medical malpractice claim lacked a sufficient evidentiary basis to proceed further with the litigation. Those deliberations necessitated considerable professional legal knowledge.

{¶ 62} Ultimately, Bell notified appellant that, "[B]ased upon [adverse] developments in [the] depositions, [appellant's] case could not be further litigated."

14.

{¶ 63} In contrast, the underlying attorney conduct at issue in *McInnis*, the case relied upon by appellant, entailed appellant's counsel agreeing to, and providing in writing, to the client in a divorce action that the divorce filing would not be publicized in any way in the local paper, then subsequently effectuating service process through local newspaper publication, in direct contravention of counsel's express written procedural promise to the client.

{¶ 64} It constituted a facial breach of a written promise to a client who wanted to avoid publicity in the filing of her divorce case, and as such, warranted an application of the obvious exception to the expert testimony requirement of legal malpractice cases. No legal knowledge, specialized or otherwise, was required to understand that dispute between the attorney and their client.

{¶ 65} As such, the *McInnis* scenario is not comparable to a lay client's disagreement with an attorney's post-discovery professional legal judgment on the overall substantive merits of the case, as relates to a Civ.R. 41(A) filing in a complex medical malpractice case.

{¶ 66} Accordingly, we find that *McInnis* is materially distinguishable from, and inapplicable to, this case. It does not excuse appellant's lack of expert testimony under the *McInnis* "obvious" exception.

{¶ 67} Consistently, as held by this court in *Murphy v. Hirsch*, 6th Dist. Lucas No. L-99-1086, 2000 WL 353093 (April 7, 2000), "We agree with the trial court that none of

these matters can be proven without the use of expert witness testimony. Furthermore, since appellants failed to present such evidence, summary judgment was appropriate. Appellants cannot substitute for expert witnesses who have specialized knowledge of the duties of an attorney in the community."

{¶ 68} We have carefully reviewed and considered the record of evidence in this matter in order to evaluate the disputed summary judgment ruling on a de novo basis.

{¶ 69} We find that the record clearly reflects that appellees furnished multiple, unrefuted expert opinions, and other unrefuted, supporting Civ.R. 56(C) summary judgment evidence, demonstrating that appellant failed to establish any breach in the duty of legal care by appellees in their handling of the underlying medical malpractice case.

{¶ 70} Conversely, the record shows that appellant submitted no expert testimony, or any other admissible Civ.R. 56(C) summary judgment evidence, in rebuttal to appellees' motion for summary judgment.

{¶ 71} Thus, we find that reasonable minds can only conclude that appellees are entitled to judgment on appellant's legal malpractice claims as a matter of law. Wherefore, the judgment of the Lucas County Court of Common Pleas is hereby affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

16.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.


Thomas J. Osowik, J.            _____
                                                                    JUDGE

Christine E. Mayle, J.


Myron C. Duhart, J.             _____
CONCUR.                                                          JUDGE


_____
                                                                JUDGE

This decision is subject to further editing by the Supreme Court of
Ohio's Reporter of Decisions.  Parties interested in viewing the final reported
version are advised to visit the Ohio Supreme Court's web site at:
http://www.supremecourt.ohio.gov/ROD/docs/.